**KROVATIN NAU LLC**
Gerald Krovatin, Esq. (Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP N. BURGESS, JR.; MICHELLE BURGESS; ALEXANDRIA BURGESS; Minor 1, Minor 2, Minor 3, by their parents Philip and Michelle Burgess and MICROBILT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>LEONARD A. BENNETT; CONSUMER LITIGATION ASSOCIATES, P.C.; KRISTI CAHOON KELLY; KELLY GUZZO, PLC JACOB M. POLAKOFF; and BERGER MONTAGUE PC,<br><br>Defendants. | Civil Action No 3:20-cv-07103 (FLW-DEA)<br><br>Civil Action<br><br>**NOTICE OF MOTION** |

**TO:**   Maxwell L. Billek, Esq.
Michael P. Chipko, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
200 Campus Drive
Florham Park, New Jersey 07932-0668

**COUNSEL:**

**PLEASE TAKE NOTICE** that on December 21, 2020, at 9:00 a.m. or as soon thereafter as counsel may be heard, Plaintiffs, by its undersigned counsel, Krovatin Nau LLC shall move before the Honorable Freda L. Wolfson, U.S.D.J. at the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ

08608 for leave to file an amended complaint pursuant to *Fed. R. Civ. P.* 15(a).  A copy of the proposed Amended Complaint is attached as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** pursuant to L.Civ.R.15.1(a) that this motion is opposed by Defendants and that the Plaintiffs respectfully request oral argument.

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, the undersigned shall rely on the accompanying Brief.

                                      **KROVATIN NAU LLC**
                                      60 Park Place, Suite 1100
                                      Newark, New Jersey 07102
                                      (973) 424-9777
                                      *Attorneys for Plaintiffs*

                                      By: /s/ Gerald Krovatin
                                            gkrovatin@krovatin.com

Dated:  November 20, 2020

# EXHIBIT A

**KROVATIN NAU LLC**
Gerald Krovatin, Esq. (Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP N. BURGESS, JR.; MICHELLE BURGESS;: ALEXANDRIA BURGESS; Minor 1, Minor 2, Minor 3, by their parents Philip and Michelle Burgess and MICROBILT CORPORATION, PRINCETON ALTERNATIVE FUNDING, LLC, And PRINCETON ALTERNATIVE INCOME FUND, L.P., ALONZO PRIMUS, and LJP CONSULTING,<br><br>Plaintiffs,<br><br>vs.<br><br>LEONARD A. BENNETT; CONSUMER LITIGATION ASSOCIATES, P.C.; KRISTI CAHOON KELLY; KELLY GUZZO, PLC JACOB M. POLAKOFF; and BERGER MONTAGUE PC,<br><br>Defendants. | Civil Action No.: 3:20-cv-07103<br><br>Civil Action<br><br>**[PROPOSED AMENDED COMPLAINT AND JURY DEMAND** |

PLAINTIFFS, Philip N. Burgess, Jr. ("Burgess"), Michelle Burgess (~~his~~ Burgess's spouse), Alexandria Burgess (their daughter), and Minor 1, Minor 2, and Minor 3 (the "Minor Children") by their parents Philip and Michelle Burgess (collectively, the "Burgess Plaintiffs"), residing in the Borough of Princeton, County of Mercer, State of New Jersey and MicroBilt Corporation, ("MicroBilt"), with its corporate office in Princeton, New Jersey, Princeton

Alternative Funding, LLC ("PAF"), Princeton Alternative Income Fund, L.P. ("PAIF"), Alonzo Primus ("Primus"), and LJP Consulting, LLC ("LJP"), for their Complaint against ~~the~~ Defendants, allege and say:

## NATURE OF ACTION

1. This is an action for damages and declaratory and injunctive relief against Defendants for abuse of process, harassment invasion of privacy and intentional infliction of emotional distress arising out of Defendants' improper ~~attempt~~ efforts to coerce ~~Plaintiffs Philip~~ Burgess and MicroBilt to settle separate Virginia federal litigations by filing frivolous and unfounded ~~civil~~ litigations against them and against ~~him~~ Burgess separately in this District and by employing process servers to make repeated and harassing attempts to serve ~~Plaintiff Philip~~ Burgess with process in the aforementioned frivolous litigations at his Princeton home, causing fear and emotional distress to Plaintiffs Michelle Burgess, Alexandria Burgess and the Mm~~m~~inor C~~c~~hildren ~~of Philip and Michelle Burgess~~.

## PARTIES

2. The Burgess Plaintiffs are citizens of the State of New Jersey.

3. ~~Plaintiff~~ MicroBilt is incorporated in the State of Delaware and has its principal place of business in Kennesaw, Georgia, with corporate offices in Princeton, New Jersey.

4. ~~Plaintiff Philip~~ Burgess is the founder of MicroBilt and serves as a consultant to ~~the company~~ MicroBilt.

5. PAF is headquartered in Princeton, New Jersey, and is the general partner and manager of PAIF. MicroBilt owns a controlling interest in PAF.

6. PAIF is headquartered in Princeton, New Jersey, and is a private equity and investment fund.

7. Primus is a citizen of the State of Florida.

4.8. LJP is a limited liability company incorporated in the State of Delaware.

5.9. Upon information and belief, Defendant Leonard A. Bennett ("Bennett") is a citizen of the Commonwealth of Virginia.

6.10. Upon information and belief, ~~Defendant~~ Bennett is an attorney at law of the Commonwealth of Virginia and is employed as such by Defendant Consumer Litigation Associates, P.C.

7.11. Upon information and belief, Consumer Litigation Associates, P.C., is a ~~P~~professional ~~C~~corporation incorporated in the Commonwealth of Virginia with its principal place of business in ~~that State~~ Virginia.

8.12. Upon information and belief, Defendant Kristi Cahoon Kelly ("Kelly") is a citizen of the Commonwealth of Virginia.

9.13. Upon information and belief, ~~Defendant~~ Kelly is an attorney at law in~~of~~ the Commonwealth of Virginia and is employed as such by Defendant Kelly Guzzo, PLC.

10.14. Upon information and belief, Defendant Kelly Guzzo, PLC is a professional corporation incorporated in the Commonwealth of Virginia with its principal place of business in ~~that State~~Virginia.

11.15. Upon information and belief, Defendant Jacob M. Polakoff ("Polakoff") is a citizen of the Commonwealth of Pennsylvania.

12.16. Upon information and belief, ~~Defendant~~ Polakoff is an attorney at law of the Commonwealth of Pennsylvania and is employed as such by Defendant Berger Montague PC.

~~13.~~17. Upon information and belief, Defendant Berger Montague PC is a professional corporation incorporated in the State of Minnesota with an office for the practice of law in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

~~14.~~18. By reason of the foregoing, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)~~-~~(1).

~~15.~~19. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

~~16.~~20. Venue is proper in this District under 28 U.S.C. § 1391(a), because the unlawful conduct of ~~the~~ Defendants and their agents caused harm within this District and the matter in controversy occurred primarily in this District.

## GENERAL ALLEGATIONS

### Background – Virginia Litigation

~~17.~~21. There are pending in the U.S. District Court for the Eastern District of Virginia ("EDVA"), four (4) inter-related matters (the "Litigations") that are relevant to this action and are as follows:

> (a) *Williams v. Big Picture Loans, LLC*, Docket No. 3:17-cv-461 (the "**Big Picture Litigation**");
>
> (b) *Renee Galloway, et al~~s~~. v. Big Picture Loans, LLC, et al~~s~~.*, Docket No. 18-cv-00406-REP (the "**Galloway Action**");
>
> (c) *Williams, et al~~s~~. v. MicroBilt Corporation, et al~~s~~.*, Docket No. 3:19-cv-00085- REP, (the "**Virginia Williams Action**~~.~~"); and
>
> (d) *Lenora Glover, et al~~s~~. v. MicroBilt Corporation*, Docket No. 1:19-cv-01337-RDA-JFA (the "**Glover Action**").

4

18.22.   One or more of the Defendants represent the plaintiffs in all four (4) of the aforementioned actions in the EDVA Litigations.

19.23.   Two of the aforementioned actions Litigations named MicroBilt as a defendant and are frivolous attempts to compel and coerce MicroBilt and Philip Burgess into cooperating with the plaintiffs and their counsel (Defendants here) in prosecuting their claims against Matt Martorello, the principal defendant in those cases Litigations and, in the process, forcing MicroBilt and its employees to spend excessive amounts of time, effort and counsel fees in motion practice and in responding to burdensome discovery demands in all four of the EDVA actionsLitigations.

20.24.   Both the **Galloway Action** and the **Big Picture Litigation** purport to be class actions alleging that the defendants violated the federal RICO statute and various State usury laws by operating so-called "rent-a-tribe" payday lending schemes.

21.25.   In the **Virginia Williams Action**, the plaintiffs allege that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by unlawfully requesting and obtaining their consumer credit reports and providing them to defense counsel in the **Big Picture Litigation** in order to gain a litigation advantage in that action.

22.26.   Plaintiffs Philip Burgess and MicroBilt were named as defendants in the **Virginia Williams Action.**

23.27.   Specifically, in the Virginia Williams Action, Philip Burgess was alleged to have procured plaintiffs' consumer reports from MicroBilt and provided them to one of the defense attorneys in the **Big Picture Litigation.**

24.28. However, ~~Philip~~ Burgess, a New Jersey citizen with no minimum contacts in ~~the Commonwealth of~~ Virginia, was dismissed without prejudice from the **Virginia Williams Action** for lack of personal jurisdiction by Order entered February 19, 2020.

25.29. The Court denied MicroBilt's similar motion to dismiss the **Virginia Williams Action** ~~was denied~~.

26.30. As discovery deadlines and compliance dates in the **Galloway Action** and ~~the~~ **Virginia Williams Action** began to draw near, Defendants began to pressure ~~Plaintiffs Philip~~ Burgess and MicroBilt to settle the **Galloway Action** and the **Virginia Williams Action**.

27.31. Defendants' pressure tactics against Burgess and MicroBilt included:

(a) Serving a Motion to Compel in the **Glover Action**;

(b) Serving numerous overlapping and conflicting unilateral notices of depositions for employees of MicroBilt across multiple states in the **Virginia Williams Action** and the **Glover Action**, to wit:

In the **Glover Action**: Notices of Deposition for:

- Walter Wojciechowski who works in NJ and lives in PA in the GA office for June 3, 2020;
- Melissa Dennis in the GA office for June 4, 2020;
- Carol Nowell in the GA office for June 4, 2020; and
- Franklin Levin, Esq., who works in NJ and lives in PA in the GA office for June 5, 2020.

In the **Virginia Williams Action**: Notices of Deposition for:

6

- Melissa Dennis in the GA office for June 9, 2020;
- Ramesh Venkataramani in his home in MA for June 10, 2020; and
- Walt Wojciechowski in his home in PA for June 11, 2020.

(c) MicroBilt's GA and NJ offices were and are presently closed in light of the COVID-19 pandemic, and all employees are working from their homes to the extent possible.

(d) On or about June 8, 2020, ~~Defendant Len~~ Bennett, acting as counsel for plaintiffs in the **Virginia Williams Action,** represented to Judge Payne in that action that ~~Philip~~ Burgess was an old friend of Matt Martorello, the principal defendant in the EDVA litigation; that Philip Burgess owned MicroBilt; then that he did not own MicroBilt; and finally that Burgess had recently sold MicroBilt while that action was pending. Those statements were~~are~~ inaccurate and pure fabrication, and in fact resulted in Judge Payne requiring that MicroBilt provide a declaration setting forth the ownership history of MicroBilt and the employment relationship with Philip Burgess, which will be provided to Judge Payne *in camera*. ~~Defendant~~ Bennett made the false statements in order to create a false impression to~~in~~ Judge Payne that Philip Burgess has some business or personal connection with Matt Martorello~~,~~. In truth and in fact, ~~Plaintiff Philip~~ Burgess has never had an ownership interest in any business owned by Mr. Martorello, and the only "relationship" that ever existed is that Martorello owned companies that were customers of MicroBilt and it affiliates.

~~28.~~32. When Defendants' pressure tactics against ~~Plaintiffs Philip~~ Burgess and MicroBilt failed to coerce them into settling the **Galloway Action** and **Virginia Williams Action**~~s~~, the Defendants resorted to the tortious conduct alleged in this action.

**Defendants' Tortious Conduct in New Jersey**

7

~~29.~~33.   On May 11, 2020, seven (7) months after Magistrate Judge, now District Judge Novak in the EDVA recommended the dismissal of ~~Philip~~ Burgess from the **Virginia Williams Action**, for lack of personal jurisdiction, the Defendants filed a ~~c~~Complaint in this Court against ~~Philip~~ Burgess entitled *Lulu Williams, et al~~s~~. v. Philip Burgess,* Docket No. 3:20-cv-5781 (FLW/DEA) (the "**New Jersey Williams Action**~~.~~").

~~30.~~34.   The Complaint in the **New Jersey Williams Action** makes the same allegations against ~~Philip~~ Burgess as those in the **Virginia Williams Action**, to wit, that Burgess~~he~~ "procured" plaintiffs' credit reports from MicroBilt and forwarded them to one of the defense attorneys in the **Big Picture Litigation** in violation of the Fair Credit Reporting Act.

~~31.~~35.   However, Defendants knew or should have known that there is no legal basis for the Complaint in the **New Jersey Williams Action** because, among other things, ~~Philip~~ Burgess is not, as alleged, a "user" of consumer data within the meaning of the Fair Credit Reporting Act and because the information that ~~Philip~~ Burgess allegedly "procured" was not "governed data" within the meaning of the Fair Credit Reporting Act.

~~32.~~36.   On Friday, May 15, 2020, a female process server, ("Process Server No. 1") approached the front door of the Burgess residence in Princeton at approximately 7:54 p.m. and rang the doorbell a few times. Plaintiff Michelle Burgess answered the door said that ~~Philip~~ Burgess was not there and Process Server No. 1 left. The incident was video recorded by the Burgess family's security system.

~~33.~~37.   Present in the Burgess residence at the time, and at all times relevant to this Complaint, were Plaintiffs Michelle Burgess, Alexandria Burgess, the Minor ~~1, 2 and 3~~ Children.

~~34.~~38. The next day, Saturday, May 16, 2020, a heavy-set male process server ("Process Server No. 2") approached the front door of the Burgess residence in Princeton, at approximately 3:17 p.m., rang the doorbell and, without waiting for anyone to respond, began intentionally banging on the picture windows on the front of the house. The incident was video recorded by the Burgess family security system.

~~35.~~39. The actions of Process Server No. 2 as alleged, caused, and were intended to cause Plaintiffs Michelle Burgess, Alexandria Burgess, and the Minor ~~1, 2 and 3.~~ Children to fear possible home invasion, robbery and assault and caused those Plaintiffs to suffer emotional distress.

~~36.~~40. When Plaintiffs Alexandria Burgess and Minor 1. answered the door, Process Server No. 2 asked if ~~Philip~~ Burgess was home. When such Plaintiffs said he was not, Process Server No. 2 threw a set of papers at them into the Burgess' residence and walked away.

~~37.~~41. Process Server No. 2 was not wearing a mask or gloves, did not maintain a minimum of six-feet of social distancing between himself and ~~the~~ those Burgess Plaintiffs (and in fact, came within approximately a foot of them), did not encase the papers he threw at them in plastic or other impermeable covering and generally did not practice any recommended practices for process servers during the current Covid-19 pandemic shutdown. See generally https://www.serve-now.com/articles/2886/a-guide-to-safely-resuming-service-of-process.

~~38.~~42. The papers in question, which Process Server No. 2 threw at ~~the~~ those Burgess Plaintiffs, were copies of a letter from Defendants ~~Leonard~~ Bennett and Consumer Litigation Associates, LLC and the Summons and Complaint in the **New Jersey Williams Action**.

9

~~39.~~43. On Monday, May 18, 2020, ~~Philip~~ Burgess received a copy of a Proof of Service purporting to state that the Summons and Complaint in the **New Jersey Williams Action** was properly served on May 16, 2020.

~~40.~~44. On Wednesday, May 20, 2020, Process Server No. 2 returned and again approached the front door of the Burgess' Princeton residence and again began intentionally banging on the picture windows in the front of the house without first ringing the doorbell or knocking on the front door. The incident was video recorded by the Burgess family security system.

~~41.~~45. The actions of Process Server No. 2 as alleged, caused, and were intended to cause Plaintiffs Michelle Burgess, Alexandria Burgess and ~~Minors 1, 2 and 3.~~ the Minor Children to fear possible home invasion, robbery and assault and caused those Plaintiffs to suffer emotional distress.

~~42.~~46. When a Burgess family housekeeper answered the door, Process Server No. 2 handed her: (a) a document subpoena addressed to ~~Philip~~ Burgess, returnable June 1, 2020; and (b) a deposition subpoena addressed to ~~Philip~~ Burgess, returnable June 3, 2020, both of which were captioned in the **Virginia Williams Action** and signed by an attorney at Defendant Consumer Litigation Associates, LLC.

~~43.~~47. Again, Process Server No. 2 did not wear a mask or gloves, did not maintain a minimum of six-feet of social distancing between himself and the Burgess family housekeeper, did not encase the papers he served in plastic or other impermeable covering and generally did not practice any recommended practices for process servers during the current Covid-19 pandemic shutdown. See generally https://www.serve-now.com/articles/2886/a-guide-to-safely-resuming-service-of-process.

10