**KROVATIN NAU LLC**
Gerald Krovatin, Esq. (Attorney No. 024351977)
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP N. BURGESS, JR.; MICHELLE BURGESS; ALEXANDRIA BURGESS; Minor 1, Minor 2, Minor 3, by their parents Philip and Michelle Burgess and MICROBILT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>LEONARD A. BENNETT; CONSUMER LITIGATION ASSOCIATES, P.C.; KRISTI CAHOON KELLY; KELLY GUZZO, PLC JACOB M. POLAKOFF; and BERGER MONTAGUE PC,<br><br>Defendants. | Civil Action No.: 3:20-cv-07103 (FLW-DEA)<br><br>Civil Action |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

---

On the Brief:
   Gerald Krovatin, Esq.

## PRELIMINARY STATEMENT

Plaintiffs Philip N. Burgess, Jr. ("Burgess"), Michelle Burgess, Alexandria Burgess, and Minor 1, Minor 2, Minor 3 (the "Minor Children") by their parents Philip and Michelle Burgess, and MicroBilt Corporation, ("MicroBilt") (collectively, "Plaintiffs") respectfully submit this Brief in support of their motion for leave to file an amended complaint. In its current form, this is an action for damages and declaratory and injunctive relief against Defendants for abuse of process, harassment invasion of privacy and intentional infliction of emotional distress arising out of Defendants' improper attempt to coerce Plaintiffs Philip Burgess and MicroBilt to settle separate Virginia federal litigation by filing frivolous and unfounded civil litigation against them and against him in this District and by employing process servers to make repeated and harassing attempts to serve Plaintiff Philip Burgess with process in the aforementioned frivolous litigation at his Princeton home, causing fear and emotional distress to Plaintiffs Michelle Burgess, Alexandria Burgess and the Minor Children.

Plaintiffs Burgess and MicroBilt file this motion for leave to amend the Complaint to add new plaintiffs Princeton Alternative Funding, LLC ("PAF"), Princeton Alternative Income Fund, L.P. ("PAIF"), Alonzo Primus ("Primus"), and LJP Consulting, LLC ("LJP") and to assert related claims for Business Injured by Another's False Description (Count Four); Intentional Interference with Prospective Economic Advantage (Count Five); Conspiracy to Commit Tort (Count Six); and Aiding the Commission of Tort (Count Seven).  Defendants Bennett, Kelly and their law firms have continued their campaign of harassment and intimidation against these Parties by attempting to intentionally harm their businesses by filing a false and frivolous class action civil RICO complaint against them in the Eastern District of Virginia (EDVA), *see Steven Mann, et al. v. Princeton Alternative Funding, LLC, et al.*, Case No. 3:20-cv-00820-REP (EDVA) the "EDVA Class Complaint"). ***The EDVA Class Complaint has no legal or evidentiary support whatsoever.***

The Defendants filed that action in bad faith purely to continue to tortuously interfere with the business of MicroBilt, and to cause the company and its people damages and legal fees, all of this because Mr. Burgess, MicroBilt's founder and consultant, and other MicroBilt principals, have refused to cooperate with Defendants in their various EDVA actions against one of their adversaries, Matt Martorello.

As set forth herein, the proposed Amended Complaint meets the standards of *Fed. R. Civ. P.* 15(a)(2), and the Court should grant Plaintiffs leave to file an Amended Complaint.

## PROCEDURAL HISTORY

On June 11, 2020, Plaintiffs filed the Complaint in the United States District Court, District of New Jersey. Defendants filed a motion to dismiss the Complaint on August 24, 2020. On September 21, 2020 Plaintiffs filed their opposition to Defendants' motion to dismiss the Complaint.

## STATEMENT OF RELEVANT FACTS

Plaintiffs rely on the facts and allegations set forth in its proposed Amended Complaint, which they incorporate herein by reference. Defendants Bennett, Kelly and their law firms campaign of harassment occurred and continues after the filing of the Complaint, to wit, Defendants have continued, and in fact, have accelerated their campaign of harassment and intimidation against these Plaintiffs by attempting to intentionally harm their businesses by filing a false and frivolous class action civil RICO complaint against them in the EDVA, *see Steven Mann, et al. v. Princeton Alternative Funding, LLC, et al.*, Case No. 3:20-cv-00820-REP (EDVA) ("CAC")..

# LEGAL ARGUMENT

## I. IN THE INTEREST OF JUSTICE, THE COURT SHOULD PERMIT PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT.

Based on the liberal standard and in the interest of justice, the Court should grant Plaintiffs leave to file an Amended Complaint.

### A. Standard to Amend

Pursuant to *Fed. R. Civ. P.* 15(a)(2), the Court "should freely give leave [to amend a pleading] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Pursuant to *Foman*, leave to amend may be denied on the basis of: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice to the opposing party; and 4) futility of amendment." *Eisai Co., Ltd. v. Teva Pharmaceuticals, USA, Inc.*, 247 F.R.D. 445, 448 (D.N.J. 2007) citing *Foman*. "Only when these factors suggest that amendment would be "unjust" should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3rd Cir. 2006).

Plaintiffs' proposed amendment is related to the conduct and occurrences upon which the claims set forth in the pending complaint are based. Plaintiffs seek leave to file their Amended Complaint without delay in this proceeding. Moreover, the new claims asserted in the proposed Amended Complaint state valid causes of action. Therefore, none of the factors that would justify denying leave to amend the pending complaint are present here, and the proposed Amended Complaint should be permitted.

### B. Plaintiffs have Not Acted to Unduly Delay this Proceeding

Plaintiffs have not acted to delay this proceeding. On the contrary, Plaintiffs have acted with diligence and fairness throughout this matter. Delay alone does not provide a sufficient basis to deny a motion for leave to amend. *Eisai Co., Ltd., supra, citing, Adams v. Gould,* 739 F.2d 858, 868 (3d Cir.1984). Delay is undue when "it places an unwarranted burden on the court or an unfair

burden on the opposing party." *Id., citing, Cureton v. NCAA*, 252 F.3d 267, 273-74 (3d. Cir. 2001). Here, no unfair burden would be placed on the Court or the defendants engendered by Plaintiffs' proposed amendment.

As set forth in the Procedural History (above) Plaintiffs have not delayed this proceeding. Plaintiffs filed their Complaint on June 11, 2020. Defendants filed their responsive pleading on August 24, 2020. The motion to dismiss is pending before this Court. Plaintiffs have diligently proceeded with this litigation.

As set forth in the proposed Amended Complaint, the Defendants recently engaged in conduct that forms the basis of the new claims. There is no basis to conclude that Plaintiffs have delayed or that the amendment will cause undue delay in the proceeding. The parties have not begun discovery in this matter. No dates have been set for summary judgment motions or trial. In sum, the factor of undue delay does not justify disallowing Plaintiffs' proposed Amended Complaint.

### C. Plaintiffs have Not Acted in Bad Faith

As set forth previously, Plaintiffs has acted fairly throughout this proceeding. The proposed amendment is made in good faith. There is nothing in the record to suggest bad faith on the part of Plaintiffs. The factor of bad faith does not disallow Plaintiffs' proposed Amended Complaint.

### D. There is No Undue Prejudice to the Defendants

Defendants will suffer no cognizable prejudice if leave is granted to amend the pending complaint. In determining what constitutes prejudice in the context of a motion for leave to amend, courts consider "whether permitting the amendment would (1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another

jurisdiction." *Formosa Plastic Corp., U.S.A. v. ACE American Ins. Co.*, 259 F.R.D. 85 (D.N.J. 2009) *citing Long v. Wilson,* 393 F.3d 390, 400 (3d Cir.2004).

Given the procedural posture of this action, and the fact that the additional causes of action are related to the wrongful and continued conduct of Defendants, there can be no undue prejudice to Defendants. Plaintiffs' additional causes of action arise out of additional wrongful conduct by Defendants related to the pending complaint. Defendants have been on notice of this wrongful conduct. As set forth in the proposed Amended Complaint, Defendants' conduct gives rise to allegations that defendants Bennett, Consumer Litigation Associates, P.C., Kelly, and Kelly Guzzo, PLC, continued their campaign of harassment and intimidation against MicroBilt, Burgess, as well as PAF, PAIF, Primus and LJP and attempted to intentionally harm their respective businesses by filing a false and frivolous class action civil RICO complaint against them in the EDVA. There can be no prejudice to any of the Defendants when they were on notice of the potential claims and took continued action to ripen the claims. Discovery will not be significantly expanded or delayed as a result of the amendment. Defendants will have ample opportunity to tailor their discovery to encompass the new causes of action asserted by Plaintiffs. Because allowing Plaintiffs' proposed Amended Complaint will not result in any legally cognizable prejudice to Defendants, Plaintiffs' proposed amendment should be permitted.

### E. The Amendment is Not Futile

Defendants may suggest that Plaintiffs' proposed amendment to the pending complaint would be futile. Such an assertion would be demonstrably incorrect. The Third Circuit considers an amendment futile if the amended pleading would be unable to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410,

1434 (3d Cir.1997). Plaintiffs' new cause of action is viable and is not time barred and therefore, should be permitted to proceed.

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id.* Defendants cannot meet their burden with respect to any of Plaintiffs' new claims. As set forth in Plaintiffs' proposed Amended Complaint, Plaintiffs clearly articulate causes of action and accompanying supporting facts for each new allegation.

The new allegations of the proposed Amended Complaint are related to the allegations set forth in the initial Complaint. The proposed Amended Complaint adds new allegations based on the recent improper conduct of Defendants. There can be no plausible claim for lack of notice, prejudice, or surprise in these circumstances. Moreover, discovery has not begun, therefore Defendants will have ample opportunity and time to prepare their defense. Plaintiffs' new causes of action are viable, and are not time barred, and arise from facts and circumstances related to the initial Complaint. Therefore, the proposed amendment should be permitted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court permit the filing of Plaintiffs' proposed Amended Complaint.

        Respectfully submitted,

        /s/ Gerald Krovatin
        gkrovatin@krovatin.com

        **KROVATIN NAU LLC**
        60 Park Place, Suite 1100
        Newark, New Jersey 07102
        (973) 424-9777
        *Attorneys for Plaintiffs*

Dated: November 20, 2020