**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PHILIP N. BURGESS, JR., et al.

Plaintiffs,

v.

LEONARD A. BENNETT, et al.

Defendants.

Civil Action No. 20-7103 (ZNQ)(DEA)

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion by Plaintiffs Philip N. Burgess, Jr. ("Burgess") and MicroBilt Corporation ("MicroBilt") for leave to file an Amended Complaint. Defendants Leonard Bennett, Consumer Litigation Associates, P.C., Kristi Cahoon Kelly, Kelly Guzzo, PLC (collectively, "Defendants") have opposed the motion. The Court decides the matter without oral argument pursuant to Local Civil Rule 72.1. For the reasons below, Plaintiffs' motion is granted.

## I. BACKGROUND[1]

On June 11, 2020, Plaintiffs Burgess, Michelle Burgess, Alexandria Burgess, and Minor 1, Minor 2, Minor 3, and MicroBilt filed the initial Complaint in this case alleging that Defendants initiated frivolous lawsuits and engaged in other allegedly harassing behavior in order to coerce Mr. Burgess and MicroBilt to settle a separate, but related, lawsuit. Plaintiffs asserted various state law tort claims, including abuse of process, invasion of privacy, and intentional infliction of emotional distress against Defendants.

---

[1] Because the Court writes for the parties, it recites only the facts and the procedural history necessary for the determination of this motion. The facts and history of this matter are set forth more fully in the Opinion at ECF No. 26, in which the Hon. Freda L. Wolfson, U.S.D.J. granted Defendants' motion to dismiss and gave Plaintiffs leave to file the instant motion.

On August 24, 2020, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Shortly after filing their opposition to the motion to dismiss, Plaintiffs moved to amend their Complaint. Plaintiffs sought to add new plaintiffs, additional facts, and new claims. While these motions were pending, Plaintiffs filed a revised motion for leave to amend the Complaint. Plaintiffs alleged that there had been further factual developments and sought to conform their claims accordingly.

By Opinion and Order dated March 19, 2021, Judge Wolfson granted Defendants' motion to dismiss and denied Plaintiffs' motion for leave to amend the Complaint. That decision, however, provided that "[t]o the extent Plaintiffs believe they may be able to remedy the deficiencies outlined in this Opinion on any of their claims, they may file a motion for leave to amend before the magistrate judge within thirty (30) days." ECF No. 26 at 31. This motion followed.

Plaintiffs Burgess and MicroBilt now move for a third time for leave to file an Amended Complaint. The proposed Amended Complaint seeks

> damages against Defendants for malicious abuse of process and malicious use of process arising out of Defendants' improper efforts to coerce and harass Burgess and MicroBilt by filing frivolous and unfounded litigations against them in Virginia and this District and by employing process servers to make repeated and harassing attempts to serve Burgess with process in frivolous litigations at his Princeton home, to extort Plaintiffs into cooperating with them or to suffer the damaging consequences of a false civil RICO lawsuit, all because Burgess, MicroBilt's founder and consultant, and other MicroBilt principals have refused to cooperate with these Defendants in their various litigations against Matt Martorello.

ECF No. 28, Proposed Amended Complaint at ¶ 1. The proposed Amended Complaint asserts two counts (Malicious Abuse of Process and Malicious Use of Process) and removes all other

previously pled Plaintiffs except for Burgess and MicroBilt. It also removes defendants Jacob M. Polakoff and Berger Montague PC.

Defendants argue that Plaintiffs' latest Motion to Amend should be denied again as futile because it fails to state a claim upon which relief can be granted. In particular, Defendants contend that Plaintiffs have not remedied the deficiencies outlined in Judge Wolfson's March 19, 2021 Opinion.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 15 governs motions for leave to amend a pleading. Under Rule 15, once the deadline to amend as of right expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*

The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: "(1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Unless the balancing of these factors weighs in favor of denying the amendment, leave should be freely given. *Foman*, 371 U.S. at 182.

Here, Defendants contend that the proposed Amended Complaint is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."

*Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks and citations omitted). The Court uses "the same standard of legal sufficiency" as a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000) (stating an amendment would be futile if the complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted."); *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). In accordance with this standard, the Court must generally accept as true the factual allegations in the proposed Amended Complaint, and construe "all reasonable inferences" in the light most favorable to the Plaintiffs. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" fails to suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Rather, for a complaint to survive dismissal pursuant to this standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 662 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Given the liberal standard for the amendment of pleadings, 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'" *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017)). Therefore, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Id.* (emphasis in original) (quoting *Harrison Beverage Co.*, 133 F.R.D. at 468.)

B. Motion to Amend

The proposed Amended Complaint has significantly narrowed the original Complaint and contains just two counts: (1) Malicious Abuse of Legal Process; and (2) Malicious Use of Process.

*1. Malicious Abuse of Legal Process*

Judge Wolfson described the tort of malicious abuse of process as follows:

> Malicious abuse of legal process is part of "a group of closely related torts that, although ancient in origins, are treated with great caution because of their capacity to chill resort to courts by persons who believe that they have a criminal complaint or civil claim against another." *LoBiondo v. Schwartz*, 970 A.2d 1007, 1022 (N.J. 2009). Under New Jersey law, "[t]he tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued." *Hoffman v. Asseenontv.Com, Inc.*, 962 A.2d 532, 541 (N.J. App. Div. 2009) (citing *Baglini v. Lauletta*, 768 A.2d 825, 831 (N.J. App. Div. 2001). "To be found liable for malicious abuse of process, a party must have performed additional acts after issuance of process which represent the perversion or abuse of the legitimate purposes of that process." *Id.* Thus, a plaintiff claiming malicious abuse of process must allege "(1) that defendants made an improper, illegal and perverted use of the process, *i.e.*, a use neither warranted nor authorized by the process, and (2) that in use of such a process there existed an ulterior motive." *Mandelbaum v. Arseneault*, No. A-1042-15T4, 2017 WL 4287837, at *5 (N.J. App. Div. Sept. 28, 2017) (quoting *Ash v. Cohn*, 194 A.2d 174, 176 (N.J. 1937)).

ECF No. 26 at 14-15.

Defendants contend that Plaintiffs' malicious abuse of process claim is futile for two reasons. First, Defendants contend that the litigation privilege bars Plaintiffs' claim. Second, they argue that the proposed Amended Complaint fails to remedy the specific deficiencies identified by Judge Wolfson in her March 19th Opinion.

With respect to the litigation privilege, Judge Wolfson found that it was not applicable to the allegations here. The litigation privilege applies to "any communications (1) made in judicial or quasijudicial proceedings; (2) by litigants or other participants authorized by law; (3) to

achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995). Noting that the asserted facts underlying this claim primarily involve alleged misconduct by process servers, Judge Wolfson held that the litigation privilege did not apply in the case because it is not "apparent that service of a summons, complaint, and subpoenas by a process server, constitutes a 'communication' protected by the litigation privilege." ECF No. 26 at 16-17.

As discussed further below, the proposed Amended Complaint added allegations that one of the subpoenas that was allegedly served in a harassing manner was "improper, overly broad, and sought impermissible information." Defendants contend that because the new allegations refer to the content of the subpoena, Plaintiffs' proposed claim is based on a "communication," thus making the litigation privilege applicable. The Court, however, agrees with Plaintiffs that the proposed claim for malicious abuse of process is based on many of the same allegations as in the original Complaint. Judge Wolfson found that the litigation privilege did not apply, and Plaintiffs' reference to the content of the subpoena would not appear to change that. As such, the Court cannot conclude that the litigation privilege would apply here to render Plaintiffs' claim "clearly futile."

The Court next turns to the substance of Plaintiffs' claim. Judge Wolfson found Plaintiffs' previous malicious abuse of process claim to be "unavailing" because the Complaint did not "allege[] that Defendants performed additional acts after issuance of process which represent the perversion or abuse of the legitimate purposes of that process." ECF No. 26 at 17 (quotation marks omitted). Instead, the Complaint focused primarily on the allegedly harassing manner in which service was effectuated and the alleged violation of COVID-19 protocols. *Id.* at 18-19. Further, Judge Wolfson found Plaintiffs' allegations that "the process servers' conduct was

directed by Defendants or intended to coerce Mr. Burgess" to be "conclusory." *Id.* at p. 19.

Indeed, Judge Wolfson explained that

> [a]lthough the issuance of the subpoenas may constitute a further act, Mr. Burgess has not alleged that the subpoenas, themselves, were improper, overly broad, or sought impermissible information. Absent such information, he has not adequately alleged an abuse of process claim. Indeed, "the typical abuse of process claim involves leveraging some attachment process or complaint in order to achieve some other end." Mr. Burgess conclusorily alleges that Defendants issued the subpoenas in order to harass him, however, has not alleged facts demonstrating that the subpoenas were "totally extraneous" such that [t]hey could not be intended to achieve a legitimate aim. As alleged, there is no indication that Defendants, regardless of their alleged nefarious intentions, were doing any more than utilizing the discovery mechanisms for their proper purpose.

ECF No. 26 at 19-20 (citations omitted).

Plaintiffs' claim for malicious abuse of process in the proposed Amended Complaint seeks to remedy the issues identified by Judge Wolfson by adding the following allegations:

> 76. Defendants' further acts after issuing legal process against Plaintiffs demonstrate a purpose ulterior to the one for which such process was designed.
>
> 77. The additional acts after the issuance of process represent the perversion or abuse of the legitimate purpose of that process. The subpoena served by Process Server No. 2 was improper, overly broad, and sought impermissible information. The subpoena served by Process Server No. 2 was totally extraneous such that it could not be intended to achieve a legitimate aim. Specifically, in the Virginia Williams Action, Defendants alleged that Burgess gave a purported consumer credit report to an attorney, when in fact, as Defendants well know, the consumer credit data, which Burgess did provide, does not constitute a "consumer credit report" as a matter of law. To the extent that the subpoena in that case sought information to the contrary, it "sought impermissible information" by definition that was totally extraneous to any legitimate litigation purpose.
>
> 78. Defendants' purpose as aforesaid was to coerce or oppress either through intentional malicious abuse of process or the issuance of process without reason or probable cause.

ECF No. 28, Proposed Amended Complaint ¶¶ 76-78.

As noted above, Judge Wolfson found that the issuance of a subpoena may constitute a "further act." She nevertheless found the allegations in the original Complaint to be deficient because it was not alleged that "that the subpoenas, themselves, were improper, overly broad, or sought impermissible information." The proposed Amended Complaint adds, among other things, allegations that the subpoena was improper and specifies the allegedly improper information sought by the subpoena. The Court cannot conclude, in light of these additional allegations, that the malicious abuse of process claim is clearly futile. The standard on a motion for leave to amend is a liberal one. As such, the Court will grant Plaintiffs' motion as to the malicious abuse of process claim.

*2. Malicious Use of Process*

Malicious use of process is a separate tort from malicious abuse of process. As explained in the March 19th Opinion,

> [m]alicious prosecution or malicious use of process, unlike malicious abuse of legal process, "is based on commencing an action without justification." *Emolo v. McDaniel*, No. A-0974-08T1, 2009 WL 2243792, at *4 (N.J. App. Div. July 29, 2009). To succeed in an action for malicious use of process, the plaintiff must establish that the original suit (1) was instituted without reasonable or probable cause; (2) was motivated by malice; (3) terminated favorably to the plaintiff in the malicious prosecution action; and (4) resulted in a "special grievance" to the plaintiff. *Giri v.Rutgers Cas. Ins. Co.*, 273 641 A.2d 1112, 1115 (N.J. App. Div. 1994).

ECF No. 26 at 29. Plaintiffs' malicious use of process claim in the original Complaint was found to be defective because it failed to allege that the allegedly improper litigation resulted in a "special grievance." *Id.* at 30. Although Plaintiffs originally asserted that they suffered "special damages in the form of incurring expenses to protect their interests, loss of profits, loss of time, and loss of wages that cannot be reclaimed," Judge Wolfson found this to be insufficient. *Id.* This was because

> a special grievance consists of interference with one's liberty or property. Counsel fees and costs of defense of the malicious action are an element of damages in a successful malicious prosecution action. However, they are the routine inconveniences of litigation and do not in themselves constitute a special grievance necessary to make out the cause of action. Moreover, mental anguish, emotional distress, or loss of reputation from the filing of a complaint are not the special injuries required to sustain a malicious prosecution action. Thus, in order to state a claim for malicious prosecution, Plaintiffs' must allege more than litigation expenses, wasted time, or other damages incidental to the filing of the lawsuit; they have not done so. Without more, Plaintiffs' conclusory allegation that their businesses lost revenue does not rise to the level of a special grievance.

ECF No. 26 at 30 (citations and quotation marks omitted).

Plaintiffs contend that the proposed Amended Complaint remedies the deficiencies identified in the March 19th decision with the following allegations:

> 72. As a result of Defendants' conduct, Plaintiffs suffered damages, including special damages that includes, without limitation, loss of profits, loss of time and loss of wages that cannot be reclaimed, and further includes incurring significant fees and expenses to protect their interests.
>
> 73. As a result of Defendants' conduct, Plaintiffs suffered a special grievance in the form of loss of property. To wit, MicroBilt, in which Burgess has indirect ownership, has lost significant revenue and profit as clients, customers and accounts have been lost and new incoming revenue has diminished, all of which is 4 attributable to the Litigations and notably the EDVA Class Complaint that asserted quasi-criminal RICO allegations that had no basis in fact.
>
> * * *
>
> 84. As a result of Defendants' conduct, Plaintiffs suffered special damages in the form of incurring expenses to protect their interests, loss of profits, loss of time, and loss of wages that cannot be reclaimed.
>
> 85. As a result of Defendants' conduct, Plaintiffs suffered a special grievance in the form of loss of property. To wit, MicroBilt has lost existing customers and potential new business. For example, MicroBilt estimates that it has lost approximately 300-400 customers as a result of Defendants' conduct as alleged herein.

> 86. Since the filing of the Bennett-related EDVA Litigations, including the false RICO allegations in the EDVA Class Complaint referenced herein, MicroBilt's quarterly revenue run rate has averaged a loss of approximately $1.1 million per quarter. This figure has been adjusted to account for, and is exclusive of COVID19 pandemic related, estimated revenue losses in the second and third quarters of 2020.
>
> 87. In addition, MicroBilt has suffered a special grievance in the form of permanent damage to its reputation as a result Defendants' conduct as alleged herein. Among other things, MicroBilt intends to fund a corrective marketing campaign, including search engine optimization, to attempt to repair the damage caused to its reputation by Defendants' false civil RICO allegations that it engaged in criminal and quasi-criminal conduct.
>
> 88. Defendants are also liable to Plaintiffs for damages, including attorney's fees and costs in defending the action maliciously brought.

Proposed Amended Complaint, ECF No. 28, at ¶¶ 72, 73, 84-88.

Defendants argue that the proposed Amended Complaint fails to set forth a viable claim for malicious use of process. First, they contend that because one of the underlying litigations remains pending, any allegation that the same "was filed without reasonable or probable cause is at best premature." ECF No. 30 at 25. Second, Defendants argue that the voluntary withdrawal of an action in response to a Rule 11 sanctions letter should not be considered a favorable termination because such a result would be contrary "to public policy and would encourage[] prolonged and protracted litigation out of fear that a voluntary dismissal without prejudice could serve as grounds for a malicious use of process complaint." *Id.* at 26. Third, Defendants maintain that Plaintiffs have pled the required "special grievance" in conclusory fashion, arguing that Plaintiffs have not specifically identified a single lost customer or a lost business opportunity.

The Court finds Defendants' arguments unavailing. Here, the proposed Amended Complaint asserts that Plaintiffs have suffered economic special grievances in the form of (1) the loss of 300-400 existing customers as well as potential new business; (2) lost revenue -- since the

actions complained of, Plaintiffs allege that MicroBilt has lost approximately $1.1 million in revenue per quarter; and (3) permanent damage to MicroBilt's reputation such that it will need to fund corrective marketing action. It is also reasonable to infer from the facts pled that the value of MicroBilt as a business has declined. In *Gradient Analytics, Inc. v. Biovail Corp.*, No. 10-0335, 2010 WL 2991573, at *7 (D. Ariz. July 26, 2010), the court, applying New Jersey law, found that plaintiff had adequately alleged a special grievance where plaintiff alleged that frivolous lawsuits "permanently damaged Gradient's reputation, reduced the value of the business, caused Gradient to permanently close its Carlsbad, California office, cost Gradient existing and potential customers, and forced plaintiffs . . . to sell their company Equity Methods for much less than the originally agreed upon price." Several of these same circumstances are pled here. Given the liberal standard on a motion to amend, the Court is unable to conclude that Plaintiffs' malicious use of process is clearly futile. Consequently, Plaintiffs' motion for leave to amend, therefore, is granted as to the malicious use of process claim.

*3. Defendant's Request to Dismiss*

In the final, five-paragraph section of their opposition brief, Defendants argue that "to the extent any portion of this proposed amendment survives, it should be otherwise barred in order to foster judicial economy and protect parties from the vexation of concurrent litigation over the same subject matter." ECF No. 30 at 30. According to Defendants, the instant suit is "duplicative" of litigation pending elsewhere. Defendants note that in such situations courts will "commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.*

Defendants' arguments here seeking dismissal of the Amended Complaint are inappropriate in the context of a motion for leave to amend. If Defendants wish to seek such relief, they may do so by motion at the appropriate time after the Amended Complaint is filed.

## III. CONCLUSION AND ORDER

For the reasons above, Plaintiffs' motion for leave to amend is granted. Accordingly,

**IT IS** on this 29th day of November 2021

**ORDERED** that Plaintiffs' motion [ECF No. 28] is GRANTED; and it is further

**ORDERED** that Plaintiffs are to file their Amended Complaint no later than December 3, 2021; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 28.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge

---terminates ECF No. 28