**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Maxwell L. Billek, Esq. (055101993)**
**Michael P. Chipko, Esq. (011902011)**
**200 Campus Drive**
**Florham Park, New Jersey 07932-0668**
**Tel: (973) 624-0800**
**Fax: (973) 624-0808**
**Attorneys for Defendants, Leonard A. Bennett, Consumer Litigation**
**Associates, P.C., Kristi Cahoon Kelly, Kelly Guzzo, PLC**
**Our File: 9305.189**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| | : | |
| PHILIP N. BURGESS, JR.; and | : | |
| MICROBILT CORPORATION, | : | Civil Action No. 3:20-cv-07103-FLW-DEA |
| | : | |
| Plaintiffs, | : | |
| | : | **DEFENDANTS'** |
| vs. | : | **MEMORANDUM OF LAW IN** |
| | : | **SUPPORT OF MOTION TO** |
| LEONARD A. BENNETT; CONSUMER | : | **DISMISS WITH PREJUDICE,** |
| LITIGATION ASSOCIATES, P.C.; KRISTI | : | **OR, IN THE ALTERNATIVE,** |
| CAHOON KELLY; KELLY GUZZO, PLC, | : | **TO TRANSFER** |
| | : | |
| Defendants. | : | **ORAL ARGUMENT** |
| | : | **REQUESTED** |
| _____ | : | |

**RETURNABLE:**
**FEBRUARY 7, 2022**

Of Counsel:                                        Of Counsel and On the Brief:
Maxwell L. Billek                              Michael P. Chipko

i

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................iv

PRELIMINARY STATEMENT .........................................................................1

FACTUAL BACKGROUND ............................................................................3

STANDARD OF REVIEW ..............................................................................10

LEGAL ARGUMENT .....................................................................................16

I.   PLAINTIFFS' MALICIOUS USE OF PROCESS CLAIMS (COUNT TWO) SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. .......................................................................................16

 a. The Mann Class Action filed in Virginia cannot serve a basis for personal jurisdiction of Defendants in New Jersey pursuant to Plaintiffs' malicious use of process claims. ..................................................16

 b. MicroBilt was not a party to the Mann Class Action. ............................18

II.   PLAINTIFFS' MALICIOUS ABUSE OF PROCESS CLAIMS (COUNT ONE) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ....................................................................................................19

 a. The malicious abuse of process claims are barred by collateral estoppel. 19

 b. The malicious use of process claims only set forth alleged special grievances as to MicroBilt and not Burgess. ............................................23

III.   ALTERNATIVELY, SHOULD ANY CLAIM SURVIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA. .......................................................................25

 a. Venue. ...................................................................................................25

 b. Balancing the Private and Public Interest Factors. ................................25

  1. There are related cases already pending in the Eastern District of Virginia. ..........................................................................................25

ii

2. All of Plaintiffs' allegations arise from the EDVA litigations.  ....27

3. Convenience of the Parties, Witnesses, and the Location of Documents.  .......................................................................29

4. Transfer would only serve to alleviate a burden on this district while imposing no new burden on the EDVA.  .................................29

5. There are no <u>Jumara</u> Factors that substantially weigh in favor of keeping this matter in New Jersey.  ...................................................30

CONCLUSION ........................................................................................32

iii

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

<u>Allen v. McCurry</u>, 449 U.S. 90 (1980) ...................................................................19

<u>Allred v. Moore & Peterson</u>, 117 F.3d 278 (5th Cir. 1997) ....................................17

<u>Ameripay, LLC v. Ameripay Payroll, Ltd.</u>, 334 F. Supp. 2d 629 (D.N.J. 2004) ...10

<u>Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California</u>, 480 U.S. 102 (1987) ........11

<u>Ash v. Cohn</u>, 194 A.2d 174 (N.J. 1937) .................................................................21

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) .........................................................13

<u>Baglini v. Lauletta</u>, 338 N.J. Super. 282 (App. Div.)
    <u>certif. denied</u>, 169 <u>N.J.</u> 608 (2001) …………………………………… 20,21

<u>Bell Atlantic Corp. Twombly</u>, 550 U.S. 544 (2007) ..............................................13

<u>Bizware Software Sols., Inc. v. Groupe Counseil Gabriel Amar et Assocs.</u>,
    No. A-11-CA-316-SS, 2011 WL 13324036 (W.D. Tex. Aug. 8, 2011) .............17

<u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256 (3d Cir. 2006) ……………….. 14

<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985) ................................... 11,12

<u>Carteret Sav. Bank v. Shushan</u>, 954 F.2d 141 (3d Cir.),
    <u>cert. denied</u>, 506 U.S. 817 (1992) ......................................................................10

<u>CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.</u>,
    309 F. Supp. 2d 637 (D.N.J. 2004) ....................................................................27

<u>Co., Ltd. v. Honeywell, Inc.</u>, 817 F. Supp. 473 (D.N.J. 1993) ..............................26

<u>DeJames v. Magnificence Carriers, Inc.</u>, 654 F.2d 280 (3d Cir. 1981)..................11

<u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d 186 (3d Cir. 1993) ................20

<u>Gen. Elec. Co. v. Deutz AG</u>, 270 F.3d 144 (3d Cir. 2001) ....................................10

iv

Giri v. Rutgers Cas. Ins. Co., 641 A.2d 1112 (N.J. App. Div. 1994) .............. 18, 23

Hagen Constr., Inc. v. Whiting-Turner Contracting Co.,
   No. 1:17-cv-6969, 2018 WL 1918470 (D.N.J. Apr. 24, 2018) ..........................29

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984) ...........12

Hoffman v. Asseenontv.Com, Inc., 962 A.2d 532 (N.J. App. Div. 2009) ....... 20,21

Houbigant, Inc. v. Fed. Ins. Co., 374 F.3d 192 (3d Cir. 2004) ..............................20

IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998) ...............................11

In re Burlington Coat Factory Securities Litig.,
   114 F.3d 1410 (3d Cir. 1997) ............................................................................14

In re Docteroff, 133 F.3d 210 (3d Cir. 1997) .........................................................19

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).......................................... 11,12

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).............................. 15, 25

Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,
   342 U.S. 180 (1952) ...........................................................................................32

Lafferty v. St. Riel, 495 F.3d 72 (3d Cir. 2007) .....................................................15

Landis v. N. Am. Co., 299 U.S. 248 (1936) ............................................................32

Landmark Am. Ins. Co. v. R.T. Patterson Co., Inc.,
   No. 2:14-cv-01111, 2014 WL 7343853 (W.D. Pa. Dec. 23, 2014) ...................30

LoBiondo v. Schwartz, 970 A.2d 1007 (N.J. 2009) ................................................16

Mandelbaum v. Arseneault,
   No. A-1042-15T4, 2017 WL 4287837 (N.J. App. Div. Sept. 28, 2017) ...........21

Matter of Estate of Dawson, 136 N.J. 1 (1994) ......................................................20

Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009
   WL 2778104 (D.N.J. Aug. 27, 2009), report and recommendation adopted, No.
   09-235, 2009 WL 2952034 (D.N.J. Sept. 14, 2009) ..........................................26

Melillo v. Elizabeth Bd. of Educ.,
    No. 11-4887, 2012 WL 6725837 (D.N.J. Dec. 27, 2012) ...................................21

Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217 (3d Cir. 1992) ......................10

MHA Financial Corp. v. Varenko Invs. Ltd.,
    583 F. Supp. 2d 173 (D. Mass. 2008) ..................................................................16

Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93 (3d Cir. 2004)................................11

Milliken v. Meyer, 311 U.S. 457 (1940) .................................................................11

Miner v. Rubin & Fiorella, LLC, 242 F.Supp.2d 1043 (D. Utah 2003) .................17

Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324 (D.N.J. 1995) ........26

Novartis AG v. HEC Pharm Co., Ltd.,
    No. 15-cv-1647, 2015 WL 5440821 (D.N.J. Sept. 14, 2015) ............................32

O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312 (3d Cir. 2007) ...............10

Oran v. Stafford, 226 F.3d 275 (3d Cir. 2000) ......................................................14

Pace v. Kuchinsky, 347 N.J. Super. 202 (App. Div. 2002) ....................................20

Phillips v. Cnty. of Allegheny, 515 F.3d 224 (3d Cir. 2008) ............................ 13,14

Pivnick v. Beck, 326 N.J.Super. 474 (App. Div. 1999) ..........................................20

Remick v. Manfredy, 238 F.3d 248 (3d Cir. 2001) .................................................13

Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473 (D.N.J. 1993) ...................15

Santomenno v. Transamerica Life Ins. Co.,
    No. 11-cv-736, 2012 WL 1113615 (D.N.J. Mar. 30, 2012) ...............................27

SpaceCo Bus. Sols., Inc. v. Mass Engineered Design, Inc., 942 F. Supp. 2d 1148
    (D. Colo. 2013), aff'd, 553 F. App'x 1008 (Fed. Cir. 2014) ..............................17

Thomas v. Christie, 2010 U.S. Dist. LEXIS 109983 (D.N.J. October 15, 2010) ...32

Thomas v. Johnson, 2014 U.S. Dist. LEXIS 74396 (D.N.J. May 30, 2014) ..........32

Time Share Vacation Club v. Atlantic Resorts, Ltd.,
   735 F.2d 61 (3d Cir. 1984) .................................................................................10

Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 526 (D.N.J. 1998) .............................31

Travelodge Hotels, Inc. v. Perry Developers, Inc.,
   No. 11-1464, 2011 WL 5869602 (D.N.J. Nov. 22, 2011) ............................. 27,31

Van Dusen v. Barrack, 376 U.S. 612 (1964) .........................................................15

Wallace v. Heron, 778 F.2d 391 (7th Cir. 1985) ....................................................17

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ............... 12,13

Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006) ........................................25

## Rules

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................................10

Fed. R. Civ. Pro., 12(b)(2) ......................................................................................10

Fed. R. Civ. Pro., 12(b)(6) ................................................................................. 13, 14

Fed. R. Evid. 201(b)................................................................................................14

## Statutes

28 U.S.C. § 1404(a) ........................................................................................... 14, 25

## PRELIMINARY STATEMENT

This Third Amended Complaint now consists only of two remaining Plaintiffs, Philip N. Burgess, Jr. and MicroBilt Corporation, and two remaining claims, malicious abuse of process and malicious use of process – all other previously named parties and claims have been dismissed and abandoned. The malicious abuse of process claims arisen entirely from the contents of subpoenas served pursuant to a pending Eastern District of Virginia ("EDVA") action and already permitted by this Court in a prior action initiated by Plaintiff Burgess. The malicious use of process claims arise entirely from the filing of the Mann Class Action in the EDVA.

While Plaintiffs attempt to conform their latest pleading to Judge Wolfson's March 19, 2021 Order and Opinion, these limited remaining claims should be dismissed for lack of personal jurisdiction and for failure to state a claim. The Mann Class Action pending in the EDVA cannot serve as a basis for personal jurisdiction over Defendants in New Jersey for the malicious use of process claim. The only contacts offered by Plaintiff for jurisdiction over such a claim is that Burgess resided in New Jersey when he was sued by Defendants in Virginia. Similarly, MicroBilt was never a party to that action. Instead, MicroBilt Financial, an entity that was sued in the Mann Class Action, is domiciled in Delaware. As

pled by Plaintiffs, Defendants are citizens of Virginia, attorneys at law in Virginia, and have principal places of business in Virginia. There is simply no basis for asserting personal jurisdiction over Defendants in New Jersey for a malicious use of process claim arising entirely in Virginia in a still-pending action.

Second, Plaintiffs' malicious abuse of process claim should be barred by collateral estoppel. On January 28, 2021, Judge Arpert rejected Burgess' objections to the subject subpoenas and held that no protective order was warranted. As the malicious abuse of process claim seeks to re-litigate that issue on behalf of both Burgess and MicroBilt, it should be estopped and dismissed.

Additionally, Burgess' malicious use of process claims should be dismissed for failing to state a claim as the required element of "special grievances" is only asserted as to MicroBilt. There are no allegations whatsoever that Burgess has suffered any such special grievance. For the reasons already expressed by Judge Wolfson, Burgess' malicious use claims should be dismissed.

Alternatively, should any claims survive, this matter should be transferred to the Eastern District of Virginia so that it may be heard before the Hon. Robert E. Payne, U.S.D.J. who is already adjudicating this very dispute, among others, in multiple pending cases between Plaintiffs and Defendants' clients; and because every one of Plaintiffs' claims here arise entirely from those still pending matters.

264927911v.1

## FACTUAL BACKGROUND

1.      This matter was initially filed by Plaintiffs Philip N. Burgess, Jr. ("Burgess"), Michele Burgess, Alexandria Burgess, and Minor 1, Minor 2, Minor 3, and MicroBilt Corporation ("MicroBilt") against Defendants Leonard A. Bennett, Consumer Litigation Associates, P.C., Kristi Cahoon Kelly, Kelly Guzzo, PLC (collectively "Defendants") and Jacob M. Polakoff and Berger Montague PC. See ECF No. 1.

2.      Following a series of motions to dismiss and amend, on March 19, 2021, the Hon. Freda L. Wilfson, U.S.D.J. dismissed Plaintiffs' Complaint without prejudice, denied their motion to amend, and gave Plaintiffs leave to file another motion to amend. See ECF No. 26.

3.      On November 29, 2021, the Hon. Douglas E. Arpert, U.S.M.J. granted Plaintiffs' Motion to Amended and permitted the filing of a Third Amended Complaint. See ECF. No. 33.

4.      The Third Amended Complaint was filed on December 3, 2021, and limited its claims to two counts (Malicious Abuse of Process and Malicious Use of Process), removed all previously pled Plaintiffs except for Burgess and MicroBilt, and removed defendants Jacob M. Polakoff and Berger Montague PC. See Exhibit A, ECF No. 34.

5.      As set forth by Judge Arpert, the Third Amended Complaint seeks:

264927911v.1

damages against Defendants for malicious abuse of process and malicious use of process arising out of Defendants' improper efforts to coerce and harass Burgess and MicroBilt by filing frivolous and unfounded litigations against them in Virginia and this District and by employing process servers to make repeated and harassing attempts to serve Burgess with process in frivolous litigations at his Princeton home, to extort Plaintiffs into cooperating with them or to suffer the damaging consequences of a false civil RICO lawsuit, all because Burgess, MicroBilt's founder and consultant, and other MicroBilt principals have refused to cooperate with these Defendants in their various litigations against Matt Martorello.

See ECF No. 33 at p.2; ECF No. 34, Third Amended Complaint at ¶1.

6.    The Third Amended Complaint fails to advise the Court that Defendants did not file an action against MicroBilt in the Mann Class Action.[1] That matter was filed by Defendants on behalf of their clients against, among other entities, MicroBilt Financial Services Corporation ("MicroBilt Financial") and not MicroBilt. See Exhibit B, Mann Class Action Complaint at p. 1; Exhibit C, Summons of Mann Class Action to MicroBilt Financial.

7.    MicroBilt Financial is a Delaware entity and was alleged in the Mann Class Action to be a holding company in that case; as opposed to MicroBilt, the

---

[1] Steven Mann, et al. v. Princeton Alternative Funding, LLC, et al., Civil Action No. 3:20-cv-820 (Eastern District of Virginia ("EDVA")). See ECF No. 26, Wolfson Opinion at p. 6.

consumer reporting agency operating in New Jersey. See Exhibit D, Delaware Registration; Exhibit B, Mann Class Action Complaint, at ¶18.

8.      In the Third Amended Complaint, Plaintiffs continue to allege that Defendants have engaged in a pattern of frivolous and harassing behavior. See Exhibit A, ¶¶14-26 ("Background - Virginia Litigations"); ¶¶27-44 ("Defendants' Tortious Conduct in New Jersey"); ¶¶45-68 (Mann Class Action); ¶¶69-74 (Continued allegations of tortious conduct in New Jersey pursuant to the Virginia Litigations and the Mann Class Action); see also ECF No. 26, Wolfson Opinion at pp. 2-7 (previously summarizing these facts and procedural history).

9.      In the EDVA, the Hon. Robert E. Payne, U.S.D.J. has presided over three of the four Virginia Litigations and the Mann Class Action (also an EDVA matter). See Williams v. Big Picture Loans, LLC, Case No. 3:17-cv-461 ("Big Picture Litigation"); Renee Galloway, et als. v. Big Picture Loans, LLC, et als., Case No. 18-cv-00406 ("Galloway Action"); Williams, et als. v. MicroBilt Corporation, et als., Case No. 3:19-cv-00085 ("Virginia Williams Action"); Steven Mann et al. v. Princeton Alternative Funding, LLC et al., No. 3:20-cv-00820 (the "Mann Class Action"). [2] [3]

---

[2] Lenora Glover, et als. v. MicroBilt Corporation, Docket No. 1:19-cv-01337 ("Glover Action") was not handled by Judge Payne and was settled and the case terminated on September 9, 2020.

10.     No EDVA Judge has ever ruled that any of the Virginia actions were frivolous, harassing, or improper. Id., generally.

11.     Plaintiffs have filed a Motion for Sanctions in the Mann Class Action arising from the complained of Voluntary Dismissal in that matter. See Steven Mann et al. v. Princeton Alternative Funding, LLC et al., No. 3:20-cv-00820 at ECF No. 15.

12.     That motion was essentially incorporated into the Third Amended Complaint verbatim. See Exhibit A, Third Amended Complaint at ¶¶45-68

13.     That motion remains pending before Judge Payne in the EDVA. Id. at ECF No. 86.

14.     Count One of the Third Amended Complaint (Malicious Abuse of Legal Process) alleges that "Defendants' further acts after issuing legal process against Plaintiffs demonstrate a purpose ulterior to the one for which such process was designed." See Exhibit A, at ¶76.

15.     Count One further alleges malicious abuse of the legal process through "additional acts after the issuance of process," such as:

>     i.     "the subpoena served by Process Server No. 2 was improper, overly broad, and sought impermissible information;"

---

[3] Williams, et al. v. Burgess, Case No. 3:20-cv-05781 (the "New Jersey Action") was stayed on consent on August 26, 2020 "pending disposition of jurisdictional litigation involving the same parties" in the Virginia Williams Action. See ECF No. 13.

    ii.  "the subpoena served by Process No. 2 was totally extraneous such that it could not be intended to achieve a legitimate aim. Specifically, in the Virginia Williams Action, Defendants alleged that Burgess gave a purported consumer credit report to an attorney, when in fact, as Defendants well known, the consumer credit *data*, which Burgess did provide, does not constitute a 'consumer credit report' as a matter of law. To the extent that the subpoena in the case sought information to the contrary, it 'sought impermissible information' by definition that was totally extraneous to any legitimate litigation purpose."

Id. at ¶77.

16.    Plaintiffs further plead that they were injured because "Defendants' purpose as aforesaid was to coerce or oppress either through intentional malicious abuse of process of the issuance of process without reason or probably cause." Id. at ¶78.

17.    Although not pled in the Third Amended Complaint, the subpoena issue was already heard and rejected by this Court pursuant to Burgess' prior motion to quash. See Exhibit E, Burgess v. Renee Galloway, et al., Civil Action No. 20-06744 at ECF No. 15, Order denying Burgess Motion to Quash.

18.    In that prior action, on January 28, 2021, the Hon. Douglas E. Arpert denied Burgess' Motion to Quash subpoenas served in connection with the "Galloway Action" and the "Virginia Williams Action"[4], both EDVA matters

---

[4] For the sake of consistency we continue to use the abbreviated names used by Plaintiffs in this matter and in Judge Wolfson's prior opinion. We note that in the

7

wherein clients of Defendants brought suits challenging "defendants' business of making payday loans to consumers at interest rates that allegedly exceed usury caps in most states, including Virginia." Id. at p. 1.

19.    As set forth by Judge Arpert, Burgess had filed the Motion to Quash on June 2, 2020 asserting that the subject subpoenas were untimely, would force him to suffer an undue burden, and a protective order should be entered. Id. at p. 2.

20.    As set forth in his Opinion, Judge Arpert rejected all of Burgess' arguments, found that no undue burden was set forth, and that no protective order was warranted. Id. pp. 8-9.

21.    Burgess' Motion to Quash was therefore denied and the subpoenas currently complained of in the Third Amended Complaint have already been permitted by this Court over Plaintiffs' objections. Id.

22.    Count Two of the Third Amended Complaint (Malicious Use of Process) alleges that:

> i.    "Defendants maliciously filed the [Mann Class Action] against Plaintiffs without probable cause";
>
> ii.   "Defendants' voluntary withdrawal of the [Mann Class Action] was a favorable termination or dispositive of Plaintiffs' non-liability";

---

Motion to Quash Order, Judge Arpert refers to the "Galloway Action" as the "BPL Action" and the Virginia Williams Action as the "Microbilt Action."

iii. "Plaintiffs suffered special damages in the form of incurring expenses to protect their interests, loss of profits, loss of time, and loss of wages that cannot be reclaimed";

iv. "Plaintiffs suffered a special grievance in the form of loss of property. To wit, MicroBilt has lost existing customers and potential new business. For example, MicroBilt estimates that it has lost approximately 300-400 customers as a result of Defendants' conduct as alleged herein."

<u>See</u> Exhibit A, Third Amended Complaint, at ¶¶82-87.

9

## STANDARD OF REVIEW

### a. Federal Rule of Civil Procedure 12(b)(2)

In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817 (1992) (citations omitted). However, "[o]nce challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). In this regard, plaintiff must sustain its burden through competent proofs and may not rely on the bare pleadings alone. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (citing Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1226 (3d Cir. 1992)).

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided

10

under New Jersey state law." <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 96 (3d Cir. 2004)(citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." <u>IMO Indus., Inc. v. Kiekert AG</u>, 155 F.3d 254, 259 (3d Cir. 1998) (<u>citing</u> <u>DeJames v. Magnificence Carriers, Inc.</u>, 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (<u>quoting</u> <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" <u>Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California</u>, 480 U.S. 102, 109 (1987) (<u>quoting</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. <u>World-Wide</u>

11

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case. The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320). In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and

12

effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. at 477 (citing World Wide Volkswagen, 444 U.S. at 292).

Finally, the Court must analyze specific jurisdiction with respect to each claim raised in a complaint. See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) ("Such a determination is claim specific because a conclusion that the District Court has personal jurisdiction over [a] defendant[] as to a particular claim . . . does not necessarily mean that it has personal jurisdiction over that same defendant as to [the plaintiff's] other claims.").

### b.  Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554 (2007). While the Court must accept the allegations of the Complaint as true, "threadbare" recitals of the elements of a cause of action will not suffice. Id. The Court need not accept as true

13

legal conclusions couched as factual allegations. Id. at 678-679. The Court must examine the Complaint to determine whether a claim for relief is plead and that examination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Generally, a 12(b)(6) motion to dismiss may not consider matters extraneous to the pleadings. In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, exceptions to this rule exist for "documents that are attached to or submitted with the complaint… and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Furthermore, under Fed. R. Evid. 201(b), a court may take judicial notice of a fact that is "not subject to reasonable dispute." Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000).

Finally, a Rule 12(b)(6) dismissal need not be allowed a curative amendment where "such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

### c. Motion to Transfer

Section § 1404(a) provides federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "[f]or the convenience of the parties and witnesses, or in "the interests of justice." 28 U.S.C.

§ 1404(a). The purpose of the federal transfer statute is to "prevent the waste of 'time, energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). Transferring a case under Section 1404(a) is within the sound discretion of the court so long as the court has jurisdiction. Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007).

When considering a transfer pursuant to Section 1404(a), the court must balance various private and public interests. Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Private interests include but are not limited to:

> (1) Plaintiff's original choice of venue;
> (2) Defendant's forum preference;
> (3) Where the claim arose;
> (4) Convenience to the parties in light of their financial and physical condition;
> (5) Availability of witnesses in each of the fora; and
> (6) The location of books and records.

Id. at 879. Public concerns include but are not limited to:

> (1) The ability of each forum to enforce the judgment;
> (2) Practical considerations that would make trial more expeditious or inexpensive;
> (3) Court congestion;
> (4) Local interest in deciding the controversy;
> (5) Public policies of each fora; and
> (6) Familiarity with state law in diversity cases.

Id.

These factors are not exclusive and must be applied on an "individualized analysis

. . . made on the unique facts presented in each case." Id. at 879. Once all relevant

factors are considered, they are balanced by the courts "to determine whether… the

litigation would more conveniently proceed and the interest of justice be better

served by transfer to a different forum." Id.

## **LEGAL ARGUMENT**

I. **PLAINTIFFS' MALICIOUS USE OF PROCESS CLAIMS (COUNT TWO) SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

   a. **The Mann Class Action filed in Virginia cannot serve a basis for personal jurisdiction of Defendants in New Jersey pursuant to Plaintiffs' malicious use of process claims.**

While it does not appear that this specific issue has previous been addressed

in the Third Circuit, courts have routinely found a lack of personal jurisdiction for

malicious use of process claims made against out of state attorney defendants.

MHA Financial Corp. v. Varenko Invs. Ltd., 583 F. Supp. 2d 173, 181 (D. Mass.

2008) (service of process in the forum state not an important or material element of

plaintiff's claim for malicious prosecution and that claim was insufficiently related

to defendant attorneys contacts with the state to satisfy due process).[5]

---

[5] As previously recognized by Judge Wolfson, "[m]alicious use of process and malicious prosecution are, in essence the same tort and distinct from malicious abuse of process." See ECF No. 26, Wolfson Opinion, at p. 16 fn. 10, citing LoBiondo v. Schwartz, 970 A.2d 1007, 1022 (N.J. 2009).

264927911v.1

See also SpaceCo Bus. Sols., Inc. v. Mass Engineered Design, Inc., 942 F. Supp. 2d 1148, 1155 (D. Colo. 2013), aff'd, 553 F. App'x 1008 (Fed. Cir. 2014) (attorney defendants not subject to personal jurisdiction in Colorado for malicious prosecution simply because they sued a Colorado corporation in a different state); Bizware Software Sols., Inc. v. Groupe Counseil Gabriel Amar et Assocs., No. A-11-CA-316-SS, 2011 WL 13324036, at *8 (W.D. Tex. Aug. 8, 2011) ("It strains credulity to suggest Defendant "purposefully availed" itself of the privileges of conducting business in Texas by filing a lawsuit in Canada"); Miner v. Rubin & Fiorella, LLC, 242 F.Supp.2d 1043 (D. Utah 2003) (dismissing suit against New York law firm for malicious prosecution for a lawsuit they filed against their Utah former client in New York); Wallace v. Heron, 778 F.2d 391, 392-94 (7th Cir. 1985) (no sufficient contacts with forum state despite the fact that defendants serve plaintiff with interrogatories and requests for product in Indiana and caused him to respond to five complaints in Indiana); Allred v. Moore & Peterson, 117 F.3d 278, 287 (5th Cir. 1997) ("As in Wallace, the defendants in the present suit caused process to be served by mail on Allred on behalf of their clients in Louisiana federal district court pursuant to a federal lawsuit in Louisiana. No other contacts with Mississippi have been alleged. It would indeed be unreasonable to require defendants to appear in Mississippi to defend this suit on the basis of such attenuated contacts.")

Here, there can be no good faith argument that general jurisdiction exists over Defendants in New Jersey as the Third Amended Complaint specifically and correctly pleads that each Defendant is either a citizen of Virginia, an attorney at law in Virginia, or has a principal place of business in Virginia. See Exhibit A, Third Party Complaint, at ¶¶5-10.

As such, Plaintiffs must establish specific jurisdiction over the Defendants with respect to the malicious use of process claims. The malicious use of process claims against Defendants, however, are based entirely upon the Mann Class Action filed in the EDVA by Defendants on behalf of their clients. See Exhibit A, Third Amended Complaint at ¶¶82-88.[6] There is nothing offered in support of specific jurisdiction over these claims other than Plaintiffs' residency in New Jersey when they were sued in Virginia by Defendants.

As recognized throughout the country, such a connection is too attenuated to establish personal jurisdiction.

**b.  MicroBilt was not a party to the Mann Class Action.**

Furthermore, and with respect to MicroBilt, it was never even named as a defendant in the Mann Class Action. See Exhibit B, Mann Class Action Complaint

---

[6] The elements of a malicious use of process claim in New Jersey are: (1) the original suit was instituted without reasonable or probable cause; (2) as motivated by malice; (3) terminated favorably to the plaintiff in the malicious prosecution action; and (4) resulted in a "special grievance" to the plaintiff." Giri v. Rutgers Cas. Ins. Co., 641 A.2d 1112, 1115 (N.J. App. Div. 1994).

18

at p. 1; Exhibit C, Summons of Mann Class Action. MicroBilt Financial was the defendant in that matter and it was a Delaware corporation. <u>See</u> Exhibit D, Delaware Registration; Exhibit B, Mann Class Action Complaint, at ¶18.

Because no claim was asserted against Microbilt in the Mann Class Action Complaint, the Court cannot have personal jurisdiction over Defendants with respect to the malicious use of process claim asserted by Microbilt.

## II. PLAINTIFFS' MALICIOUS ABUSE OF PROCESS CLAIMS (COUNT ONE) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### a. The malicious abuse of process claims are barred by collateral estoppel.

The doctrine of collateral estoppel, or issue preclusion, prevents a party from re-litigating issues that were adjudicated in a prior lawsuit. <u>In re Docteroff</u>, 133 F.3d 210, 214 (3d Cir. 1997). Collateral estoppel exists to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to re-litigate the same issues in multiple lawsuits. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

In order to invoke the doctrine of collateral estoppel, a moving party must show:

> (1) the issue to be precluded is identical to the issue decided in the previous proceeding; (2) the issue was actually litigated in the prior action, i.e., there was a full and fair opportunity to litigate the issue in the prior action; (3) a final judgment on the merits was issued in

19

> prior proceeding; (4) the determination of the issue was essential to prior judgment; and (5) the party against whom preclusion is asserted was a party to or in privity with a party to the earlier proceeding.

Pivnick v. Beck, 326 N.J.Super. 474, 485 (App. Div. 1999); Matter of Estate of Dawson, 136 N.J. 1, 20 (1994).

An issue is "actually litigated" where the party against whom the doctrine is applied had a "full and fair opportunity to litigate the issue in the prior proceeding." Houbigant, Inc. v. Fed. Ins. Co., 374 F.3d 192, 204 (3d Cir. 2004) (quoting Pace v. Kuchinsky, 347 N.J. Super. 202, 214 (App. Div. 2002)). This is satisfied when a party had the opportunity to present his or her evidence to a competent tribunal. See Edmundson v. Borough of Kennett Square, 4 F.3d 186, 192 (3d Cir. 1993); Pivnick, at 491 ("[a] party with the opportunity to present whatever evidence he or she chooses to a competent tribunal, however, has a full and fair opportunity to litigate").

Under New Jersey law, "[t]he tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued." Hoffman v. Asseenontv.Com, Inc., 962 A.2d 532, 541 (N.J. App. Div. 2009) (citing Baglini v. Lauletta, 768 A.2d 825, 831 (N.J. App. Div. 2001). "To be found liable for malicious abuse of process, a party must have performed additional acts after issuance of process which represent the perversion or abuse of the legitimate purposes of that process." Id. Thus, a plaintiff claiming malicious

abuse of process must allege "(1) that defendants made an improper, illegal and perverted use of the process, *i.e.*, a use neither warranted nor authorized by the process, and (2) that in use of such a process there existed an ulterior motive." Mandelbaum v. Arseneault, No. A-1042-15T4, 2017 WL 4287837, at *5 (N.J. App. Div. Sept. 28, 2017) (quoting Ash v. Cohn, 194 A.2d 174, 176 (N.J. 1937)).

"When reviewing a malicious abuse of process claim, a court's 'focus must not be on what prompted the suit but what action plaintiff engaged in after commencement of the action.'" Melillo v. Elizabeth Bd. of Educ., No. 11-4887, 2012 WL 6725837, at *7 (D.N.J. Dec. 27, 2012) (quoting Hoffman, 962 A.3d at 532.). Further acts which may constitute malicious abuse of process may include "attachment, execution, garnishment, sequestration proceedings, arrest of the person and criminal prosecution and even such infrequent cases as the use of a subpoena for the collection of a debt." Baglini, 768 A.2d at 832.

Here, Plaintiffs' abuse of process claims are based upon the "further acts" of: (1) the subpoena served by Process Server No. 2 being "improper, overly broad, and sought impermissible information"; and (2) the subpoena served by Process Server No. 2 being "was totally extraneous such that it could not be intended to achieve a legitimate aim." See Exhibit A, at ¶77.

Critically, however, the Third Amended Complaint is not the first time that Burgess has challenged the allegedly offending subpoenas. See Exhibit E, Burgess

v. Renee Galloway, et al., Civil Action No. 20-06744 at ECF No. 15, Order denying Burgess motion to quash. Plaintiffs' prior motion to quash addressed the document and deposition subpoenas served pursuant to the Galloway and Virginia Williams Action. Id. at p. 2; see also Exhibit A, Third Amended Complaint, at ¶38.

On June 2, 2020, Burgess filed an action in this very court seeking to quash the subpoenas and enter a protective order. On January 28, 2021, Judge Arpert rejected Burgess' contentions and held that no protective order was warranted. See Exhibit E, at pp. 8-9. Judge Arpert specifically held that "Petitioner fails to show that complying with the subpoenas… will be "unreasonable or "oppressive." Id. at p. 8. Likewise, Burgess failed to establish any "undue burden." Id. In rejecting Burgess' request for a protective order, Judge Arpert noted that Burgess had argued that the subpoenas were "trying to persuade settlement and get discovery to which they are not entitled." Id. at p. 9. Judge Arpert rejected such an assertion because "Respondents' improper motives are not substantiated by specific examples." Id. Accordingly, the offending subpoenas which serve as the basis for Plaintiff's abuse of process claims were explicitly permitted by this Court. Id. (Order denying the Burgess motion to quash and terminating that action on the same date).

First, the issue with respect to these actions are identical, i.e., whether the offending subpoenas were pursued for an improper or overly broad purpose.

Second, that issue was actually litigated in the prior action before Judge Arpert as Plaintiffs had every opportunity to litigate that matter as they saw fit and raise whatever argues they wished to oppose the subject subpoenas. Third, a final judgment was issued as Plaintiffs' motion to quash was denied, the request for a protective order was rejected, and the action was terminated. Fourth, the determination of the issue of whether the subpoenas were improper or overly broad was essential to that judgment as that is what the entire action was based upon. Fifth, Burgess was obviously a party to that prior action and MicroBilt's claims here are based upon its relationship with Burgess.

For all the foregoing reasons, Plaintiffs' abuse of process claims should be dismissed with prejudice pursuant to the doctrine of collateral estoppel.

### b. The malicious use of process claims only set forth alleged special grievances as to MicroBilt and not Burgess.

As previously held by Judge Wolfson, a malicious use of process claim requires "special grievances" suffered by the plaintiff. See ECF No. 26, at p. 29-30, citing Giri v. Rutgers Cas. Ins. Co., 641 A.2d 1112, 1115 (N.J. App. Div. 1994). Plaintiffs' Complaint was previously dismissed without prejudice, in part, because "they have not alleged that the Mann Class Action resulted in a 'special grievance.'" Id. Judge Wolfson further held that in order to state a claim for malicious use of process, "Plaintiffs must allege more than litigation expenses, wasted time, or other damages incidental to the filing of the lawsuit." Id. at p. 30.

23

In an effort to correct that deficiency, Count Two (Malicious Use of Process) in the Third Amended Complaint now alleges that there has been a "loss of profits, loss of time and loss of wages that cannot be reclaimed" and that:

> 85. ... MicroBilt has lost existing customers and potential new business. For example, MicroBilt estimates that it has lost approximately 300-400 customers as a result of Defendants' conduct alleged herein.
>
> 86. … MicroBilt's quarterly revenue run rate has averaged a loss of approximately $1.1 million per quarter. This figure has been adjusted to account for, and is exclusive of COVID-19 pandemic related, estimated revenue losses in the second and third quarters of 2020.
>
> 87. In addition, MicroBilt has suffered a special grievance in the form of permanent damage to its reputation as a result of Defendants' conduct as alleged herein. Among other things, MicroBilt intends to fund a corrective marketing campaign, including search engine optimization, to attempt to repair the damage caused to its reputation by Defendants' false civil RICO allegations that it engaged in criminal and quasi-criminal conduct.

See Exhibit A, at ¶84-87.[7] Accordingly, the special grievances alleged in Count Two are set forth with respect to MicroBilt. There are no special grievances alleged specifically as to Burgess.

Accordingly, for the reasons already expressed by Judge Wolfson, Count Two of the Third Amended Complaint should be dismissed as to Burgess.

---

[7] The Third Amended Complaint does not mention a June 24, 2021 Complaint filed by the Securities and Exchange Commission and whether any alleged losses were attributable to that filing or investigation. See Case No. 3:21-cv-12971, ECF No. 1.

## III.   ALTERNATIVELY, SHOULD ANY CLAIM SURVIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA.

### a.  Venue

The first step of Section 1404(a) transfer analysis is whether Plaintiffs could have brought this case in Defendants' proposed forum. A case can be brought in a district that "has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue." Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995).

Here, it must be conceded that the Eastern District of Virginia is an appropriate forum for this matter. Defendants are all domiciled in Virginia and have been litigating the underlying matters from which these claims have arisen for years in that forum. Indeed, the very heart of this Complaint, i.e., whether the Virginia suits were improper or frivolous, is an issue currently pending before Judge Payne in that forum. See, Exhibit A, Third Amended Complaint, Exhibit D (Motion for Sanctions).

Accordingly, the Court has the discretion to transfer this matter.

### b.  Balancing the Private and Public Interest Factors

### 1.  There are related cases already pending in the Eastern District of Virginia.

A "practical consideration of great important in deciding a motion to transfer" is whether there is related litigation already pending in the transferee forum. Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009 WL 2778104, at *8 (D.N.J. Aug. 27, 2009), report and recommendation adopted, No. 09-235, 2009 WL 2952034 (D.N.J. Sept. 14, 2009).  The benefits in such a situation are inherent on their face. Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 487 (D.N.J. 1993) (citation omitted) ("Cases can be consolidated before one judge thereby promoting judicial efficiency; pretrial discovery can be conducted in a more orderly manner; witnesses can be saved the time and expense of appearing at trial in more than one court; and duplicative litigation . . . is avoided.")

Moreover, when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state, courts give substantially less weight to the plaintiff's forum choice.  Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 327 (D.N.J. 1995) (holding that a plaintiff's choice of venue is not "decisive," and that the choice is accorded less deference "when the central facts of a lawsuit occur outside of the chosen forum").

Here, allowing this matter to proceed simultaneously with the EDVA matters would result not just in wasteful and duplicitous litigation, but it may result in different and inconsistent results arising from the same alleged misconduct. See

<u>CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.</u>, 309 F. Supp. 2d 637, 648–49 (D.N.J. 2004) (granting transfer to "eliminate[] the possibility of inconsistent results . . . and conserve[] judicial resources") (citations omitted).

### 2. All of Plaintiffs' allegations arise from the EDVA litigations.

Transfer is further warranted because there are no allegations raised by the Plaintiffs that are in any way independent from the EDVA litigations that have been proceeding for years. See <u>Travelodge Hotels, Inc. v. Perry Developers, Inc.</u>, No. 11-1464, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011) (granting transfer) (citations omitted) (where the activities relevant to Plaintiffs' claims took place, i.e., "the 'center of gravity' of the dispute, its events, and transactions."). "Some courts in this District have considered this factor to be the 'most critical to the Court's analysis.'" <u>Santomenno v. Transamerica Life Ins. Co.</u>, No. 11-cv-736, 2012 WL 1113615, at *7 (D.N.J. Mar. 30, 2012) (citations omitted).

As set forth throughout, the malicious use of process claims arise entirely from the Mann Class Action filed in the EDVA by Defendants on behalf of their clients. <u>See</u> Exhibit A, Third Amended Complaint at ¶¶82-88. All of the allegedly offending litigation therein has taken place in the EDVA before Judge Payne, who is currently presiding over a Motion for Sanctions addressing the very same facts and theories presented by Burgess.

Similarly, the abuse of process claims all arise from EDVA litigations and subpoenas, signed by Virginia attorneys, for documents and testimony issued in connection with those EDVA litigations. See Exhibit A, at ¶77 (the alleged relevant further acts are the contents of the EDVA subpoenas themselves). In addition, the crux of the abuse of process claim is that "Defendants alleged that Burgess gave a purported consumer credit report to an attorney, when in fact, as Defendants well known, the consumer credit *data*, which Burgess did provide, does not constitute a 'consumer credit report' as a matter of law." See ECF No. 33, Order Granting Motion to Amend, at p. 2; Exhibit A, Third Amended Complaint at ¶1. This same issue—whether the information furnished constitutes a consumer report as defined by the FCRA—is central to the litigation before Judge Payne. See Williams v. MicroBilt Corp., No. 3:19-cv-85, 2021 WL 150401, at *5 (E.D. Va. Jan. 15, 2021) (overruling Burgess and Microbilt's objections to interrogatories regarding the furnishing of credit information based on their contention that the "subject dat[a] was not governed by the Fair Credit Reporting Act" because it was not a consumer report as defined by the statute); Exhibit F, Microbilt's Response to First Set of Interrogatories at pg. 4, #7; (asserting an affirmative defense that the "information which is the subject of the action was data which is not governed by the FCRA and therefore Plaintiffs fail to state a claim").

The "center of gravity" of this action is Virginia.

### 3. Convenience of the Parties, Witnesses, and the Location of Documents.

In addition to the matter arising in Virginia, in this suit, we have all four Defendants domiciled in Virginia and Plaintiff Burgess in New Jersey. As noted above, MicroBilt is not a named party in the Mann Class Action suit, but rather Delaware corporation MicroBilt Financial. All of the alleged improper actions taken by Defendants and their staff occurred in Virginia – such as filing suit and issuing the subpoenas.

Likewise, all of Defendants' records are located in Virginia. Plaintiffs' counsel for the EDVA matters are located in Virginia and Philadelphia. See Exhibit A, Third Amended Complaint, Exhibit D, Motion for Sanctions (Durrette, ARkema, Gerson & Gill, PC, 1111 East Main Street, 16th Floor, Richmond, Virginia 23219 and Mitts Law, LLC, 1822 Spruce Street, Philadelphia, Pennsylvania 19103). Years of pleadings, motions and discovery have already been accumulated by the parties in those actions.

### 4. Transfer would only serve to alleviate a burden on this district while imposing no new burden on the EDVA.

In analyzing court congestion, courts in this District have looked to the Federal Court Management Statistics. See Hagen Constr., Inc. v. Whiting-Turner Contracting Co., No. 1:17-cv-6969, 2018 WL 1918470, at *5 (D.N.J. Apr. 24, 2018) (relying on the Federal Court Management Statistics).

29

As an initial matter, since Judge Payne is already handling these matters in the EDVA, transferring these related claims that already exist in a pending motion before him would not serve to further congest the EDVA. Moreover, according to Federal Court Management Statistics[8], the District of New Jersey is three times busier than the EDVA. For instance, in the 12-month period ending on June 30, 2021, the EDVA had 365 pending cases per judgeship, weighted filings of 383, and a time to civil trial of 17.5 months. In that same timeframe, the District of New Jersey had 3,566 pending cases per judgeship, weighted filings of 1,198, and no estimated time to civil trial (39.4 months as of June 30, 2020).

Ultimately, "the advantages to any federal trial court of having all of the potential issues and 'players' in one spot, rather than two, are both strong and self-evident." Landmark Am. Ins. Co. v. R.T. Patterson Co., Inc., No. 2:14-cv-01111, 2014 WL 7343853, at *3 (W.D. Pa. Dec. 23, 2014).

### 5. There are no <u>Jumara</u> Factors that substantially weigh in favor of keeping this matter in New Jersey.

As set forth above, because the central facts of this case arise in a separate forum, Plaintiffs' choice to file in New Jersey should be afforded much less deference. Remaining public factors such as enforceability of judgment, local

---

[8]https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf

interest in deciding controversies, the public policies of the fora, and familiarity with state law in diversity cases are all largely inapplicable here.  There is nothing unique to New Jersey about this action.

This suit is very clearly a retaliatory action pursued by Plaintiffs because they are unhappy about the EDVA litigations brought by Defendants on behalf of their clients. The law on malicious use or abuse of process and the legal framework of each claim is straightforward and consistent in both forums. Moreover, these underlying issues are already being heard by Judge Payne who has years of experience in dealing with this matter and the parties.

Even if New Jersey had a significant interest in deciding this matter, "[w]hen both states have an interest in adjudicating the case, this Court has found the balance to tip in favor of the State that was found to be the center of gravity of the actions giving rise to the litigation." <u>Travelodge Hotels</u>, 2011 WL 5869602, at *7 (citation omitted). That State is Virginia and the forum is the EDVA. <u>See</u> <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).  ("New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey.")

Finally, and as previously recognized by this Court, "federal courts bar attempts to commence 'duplicative litigations' in order to 'foster judicial economy' and 'protect parties from 'the vexation of concurrent litigation over the same

subject matter.'" <u>Thomas v. Johnson</u>, 2014 U.S. Dist. LEXIS 74396, *17 (D.N.J. May 30, 2014) (citations omitted); <u>see also</u> <u>Thomas v. Christie</u>, 2010 U.S. Dist. LEXIS 109983, *35 (D.N.J. October 15, 2010), (quoting <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952)) ("[t]he power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation…'"); <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254–55 (1936).

Relevant factors in determining whether a stay is appropriate include (1) hardship and inequity to the moving party if the matter is not stayed; (2) potential prejudice to the non-moving party; and (3) economy of judicial resources. <u>See Novartis AG v. HEC Pharm Co., Ltd.</u>, No. 15-cv-1647 (CCC), 2015 WL 5440821, at *3–4 (D.N.J. Sept. 14, 2015) (granting stay pending resolution of prior pending action pursuant to court's inherent discretion). Again, all of these factors weigh heavily in favor of Defendants.

Accordingly, should any claim survive in this matter, it should be transferred and consolidated with the Virginia litigations, or at a minimum, stayed pending the resolution of those matters.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, this Motion to Dismiss should be granted and the Complaint should be dismissed with prejudice, or, alternatively, this matter should

32

be transferred to the Eastern District of Virginia, or stayed pending the resolution of those matters already pending.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:  _____/s/ Michael P. Chipko_____
         Michael P. Chipko

Attorneys for Defendants

200 Campus Drive
Florham Park, NJ  07932-0668
michael.chipko@wilsonelser.com

Dated: January 7, 2022

264927911v.1