# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILIP BURGESS, | : | Civil Action No. 20-06744 (FLW) (DEA) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | ORDER |
| | : | |
| RENEE GALLOWAY, et al. | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court on a Motion to Quash Subpoenas or for Protective Order [ECF No. 1] by Petitioner Philip Burgess ("Petitioner" or "Burgess") against Respondents Renee Galloway, Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, and Felix Gillison, Jr. (collectively, "Respondents"). Respondents oppose the Motion. ECF No. 9. Petitioner filed a reply to Respondents' opposition [ECF No. 11]. For the reasons set forth below, Petitioner's motion [ECF No. 1] is **DENIED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter arises from two underlying lawsuits brought by Respondents in the Eastern District of Virginia ("Issuing Court"): *Galloway v. Big Picture Loans*, LLC, et al., No. 3:18-cv406 (E.D. Va.) ("*BPL* Action") and *Williams v. MicroBilt*, et al., No. 3:19-cv-00085-REP (E.D. Va.) ("*MicroBilt* Action").[1] ECF No. 7 at 5-6. In the *BPL* Action, Respondents challenge the defendants' business of making payday loans to consumers at interest rates that allegedly exceed usury caps in most states, including Virginia. *Id*. at 5. Through discovery in the *BPL* Action,

---
[1] Plaintiffs in the *BPL* Action and the *MicroBilt* Action include Respondents to the instant lawsuit.

1

Respondents learned that Burgess had allegedly procured their consumer reports from his company, MicroBilt Corporation ("MicroBilt"), and forwarded them to Karrie Wichtman ("Wichtman"), an attorney representing Big Picture Loans and Ascension Technologies in the *BPL* Action, at the request of Matt Martorello ("Martorello"). Accordingly, Respondents filed a separate action against Burgess, MicroBilt, Martorello, and Wichtman, alleging that those defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, et seq., because their consumer reports were improperly obtained and used for litigation purposes in the *BPL* Action. *Id*. at 6.

The individual defendants and MicroBilt moved to dismiss the *MicroBilt* Action for lack of jurisdiction and improper venue. ECF No. 1 at 2. On February 19, 2020, the Issuing Court dismissed only the claims against Burgess for lack of jurisdiction. *Id.* at 2-3. Following the Issuing Court's dismissal of Burgess from the *MicroBilt* Action, Respondents in that case served a third-party deposition subpoena and subpoena duces tecum on Burgess seeking information and documents relating to the alleged transmission of consumer reports in violation of the FCRA. *Id.* at 4. On May 11, 2020, Respondents filed an action against Burgess in this Court. *Williams, et al. v. Burgess*, Case No. 3:20-cv-05781 (the "New Jersey Action"). That action was stayed, on consent, on August 26, 2020 [ECF No. 13] "pending disposition of jurisdictional litigation involving the same parties" in the MicroBilt Action.

On June 2, 2020, Burgess commenced this action by filing the present Motion to Quash Subpoenas or for a Protective Order in this Court. ECF. No. 1. In his moving papers Burgess asserts: 1) Respondents failed to give him adequate time to comply with the Subpoenas; 2) he will suffer an undue burden because of the subpoenas; and 3) good cause exists for the issuance of a protective order. On July 24, 2020, Respondents filed a Motion to Transfer this action to the

2

Eastern District of Virginia. ECF No. 7. Chief U.S. District Judge Freda L. Wolfson denied the Motion, finding no exceptional circumstances justifying transfer of this action and, therefore, Petitioner's Motion to Quash Subpoenas or for a Protective Order remains before this Court. ECF No. 14 at 5-6.

## II. LEGAL STANDARDS

In federal litigation, Federal Rule of Civil Procedure 26 governs the scope of discovery. The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1). Rule 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). However, the Court must limit the extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed.R.Civ.P. 26(b)(2)(C)(iii).

While the scope of discovery is broad, "it is not unlimited ... and should not serve as a fishing expedition." *Saller v. QVC, Inc.*, No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016). Courts have discretion to shape the permissible scope of discovery. *See Anderson v. Wachovia Mortgage Corp.*, 621 F.3d 261, 281 (3d Cir. 2010). The Court "must limit the frequency or extent of discovery" if (1) "the discovery sought is unreasonably cumulative or duplicative"; (2) "can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (3) " the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (4) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Further, the Court has authority to "fashion a set of

3

limitations that allow as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3rd Cir. 2000).

Similarly, the Court has discretion to impose limitations on the extent of discovery where required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown." *Dempsey v. Bucknell Univ.*, No. 11-1679, 2013 WL 5352284, at *2 (M.D. Pa. Sept. 23, 2013.) "The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). Establishing "good cause" requires the movant to "specifically demonstrate [] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)).

A subpoena used for discovery purposes must be made in good faith and cannot be used as a general "fishing expedition." *U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974). A Rule 45 subpoena served for discovery purposes must fall within the permissible scope of discovery under Fed.R.Civ.P. 26(b)(1). *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445 (D.N.J. Nov. 18, 2008). If a subpoena falls outside the permissible scope of discovery, the Court has authority to quash or modify it upon a timely motion by the party served in four circumstances. Rule 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. …

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

Under Rule 45, "courts have significant discretion" to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be "unreasonable and oppressive." *First Sealord Sur. v. Dunkin & Devries Ins. Agency*, 918 F.Supp.2d 362, 382-83 (E.D. Pa. 2013) (quotations and citations omitted); *see DIRECTV, Inc. v. Richards*, 2005 WL 1514187 at *1 (stating a subpoena is considered unduly burdensome when the Court finds that it is "unreasonable or oppressive."). The party moving to quash has the heavy burden of demonstrating the unreasonableness or oppressiveness of the subpoena. *Id.* However, a non-party to litigation is afforded greater protection from discovery than a party. *Chazanow v. Sussex Bank*, 2014 WL 2965697 *2 (D.N.J. July 1, 2014). "The standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990).

A fixed definition of what constitutes an "unreasonable or oppressive" request does not exist. Rather, courts must decide on a case-by-case basis what meets this criteria. *Wilhams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex. 1998). In applying Rules 26 and 45, the Court must balance several competing factors in assessing the reasonableness of a subpoena: (1) relevance, (2) the party's need for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation. *See generally Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014).

5

The resolution of the instant dispute lies within the Court's sound discretion. *In re: Riddell Concussion Reduction Litig.*, No. 13–7585, 2016 WL 4119807, at *2 (D.N.J. July 7, 2016); *Forrest v. Corzine*, 757 F. Supp.2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

**III.     ANALYSIS**

Petitioner's Motion sets out to quash the subpoenas served on him by Respondents. ECF No. 1. On May 20, 2020, Respondents issued a witness subpoena and subpoena duces tecum to Burgess. ECF No. 1 at 4. Petitioner asserts the subpoenas subject him to "an undue burden [] and fail to allow a reasonable time to comply." ECF No. 1 at 7. Further, Petitioner asserts Respondents' strategy is to "bury Burgess (and MicroBilt) with discovery either to extract a settlement, or to quickly obtain discovery to which it is not (yet) entitled, or which will yield unfair results because of Burgess's inability to prepare with his counsel, or present his defense in the NJ Williams Action." *Id.* at 4. Petitioner adds he does not possess the MicroBilt materials sought, and that the deposition should be postponed until such time the Court in the Eastern District of Virginia decides MicroBilt's motion to transfer. *Id.* at 8.

Initially, Petitioner's assertion that scheduling his deposition for June 2020 prevented him from adequately preparing with counsel or physically participating in his deposition is now moot. The originally scheduled date of the deposition has now passed, and the parties can schedule a new date and time for the deposition that will allow Petitioner to adequately prepare with counsel and, if appropriate, physically attend the deposition.

> a. *Petitioner Fails to Show an Undue Burden Requiring the Court to Quash the Subpoenas.*

Next, Petitioner argues he will be subjected to an "undue burden" if he is required to comply with the subpoenas. *Id.* As stated above, to determine whether a subpoena is reasonable and does not create an "undue burden or expense", courts typically assess factors such as: 1) the relevance of the information sought; 2) the party's need for the production; 3) the breadth of the request; 4) the time period covered by the request; 5) the request's particularity; and 6) the burden imposed. *Miller.*, No. CIV. 07-260, 2009 WL 700142, at *2 (citations omitted). That the subpoena is directed to a nonparty is also an appropriate consideration in this undue burden calculus. *See* Fed. R. Civ. P. 45, Advisory Committee Note of 1991 ("A nonparty required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court."). Furthermore, an undue burden is often created where the material sought from a nonparty is easily available from a party; however, this factor alone is not dispositive. *See Gould v. O'Neal*, No. CV 17-100, 2019 WL 4686991, at *4 (D.N.J. Sept. 26, 2019).

Petitioner argues that judicial economy and fairness require postponing the deposition until the Issuing Court decides MicroBilt's motion to transfer. ECF No. 1 at 8. As of now, jurisdictional discovery is underway and pending before the Issuing Court. See *Williams, et al. v. Burgess*, Case No. 3:20-cv-05781, ECF No. 15. After the jurisdictional dispute is resolved, MicroBilt may renew its Motion to Transfer, if it chooses to do so. Notably, Petitioner gives no reason why waiting for the Issuing Court's ruling on that motion by MicroBilt would have any impact on the production of documents or the taking of his deposition. Petitioner simply states that "the only possible prejudice to moving forward now is to Burgess," and "rulings in the VA Williams Action may or will impact Burgess's rights before this court in the new action." ECF No. 1 at 8. Petitioner fails to show that complying with the subpoenas before MicroBilt's Motion

7

to transfer is decided will be "unreasonable" or "oppressive." *See* DIRECTV*, Inc. v. Richards*, 2005 WL 1514187 at *1. Thus, the Court finds that compliance with the subpoenas now does not impose any more of a burden than it would if Petitioner were to wait until the motion to transfer is decided by the Issuing Court.

Additionally, Petitioner argues that the subpoena duces tecum must be quashed because it seeks electronically stored information which is not readily accessible to him because of undue burden and costs. ECF No. 1 at 8. To support this contention, Petitioner argues that the materials sought by Respondents are largely held by MicroBilt. *Id.* Petitioner argues that "[respondents] cannot contend that the MicroBilt documents sought here, were not already produced by MicroBilt in the EDVA Williams actions by MicroBilt." ECF No. 11 at 2. However, Petitioner has not shown how his lack of access to the materials sought constitute an undue burden sufficient to quash the subpoena. If Petitioner does not have the materials sought, his response can be that he does not have access to the materials sought. Petitioner has not shown that he cannot otherwise comply with the subpoenas. Furthermore, if, as Petitioner claims, he does not possess the materials sought, then there will be little burden imposed by the requests as there will be fewer, if any, responsive documents. Although Petitioner is a nonparty to the MicroBilt Action, considering the minimal burden and the relevancy of the requests, the Court is inclined to permit the discovery.

In sum, Petitioner has stated the requirements of what constitutes an undue burden, but has not, with specificity, stated how he will suffer any undue burden. To establish "undue burden" under Rule 45(c)(3)(A) (iv), Petitioner must show a "clearly defined and serious injury." *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953CIV, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008 (*citing Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 592–93 (D.Kans.2003)) (general assertions of competitive disadvantage insufficient to show undue burden

for the purpose of a motion to quash). Instead, Burgess simply raises general assertions of the burden he will suffer, without showing a clearly defined injury. *See Id.*

      *b. Petitioner Fails to Show a Protective Order is Warranted.*

Next, Petitioner argues there is good cause to grant a protective order. ECF No. 1 at 8. Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). In moving for a protective order, the "burden of persuasion [is] on the party seeking the protective order." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The party seeking a protective order "must show good cause by demonstrating a particular need for protection." *Id.* Establishing "good cause" requires the movant to "specifically demonstrate [] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)).

Many of Petitioner's contentions of good cause are the same as Petitioner's arguments that he will suffer an undue burden as discussed above. First, Petitioner claims the Respondents are trying to persuade settlement and get discovery to which they are not yet entitled. ECF No. 1 at 8. As discussed above, Petitioner's assertions of Respondents' improper motives are not substantiated by specific examples. *See Glenmede Trust Co.*, 56 F.3d at 483.

Next, Petitioner asserts that the "history of the Williams actions establish good cause" for entering a protective order "because the effort to take Burgess's deposition is premature until such time as the MicroBilt motion to transfer is decided and a Rule 26 scheduling order is entered in the New Jersey Williams Action." Petitioner, however, does not articulate how these events

9

establish the need for a protective order. Petitioner has not shown, nor does the Court see, why the Issuing Court's ruling or a Rule 26 conference in this Court will impact the deposition or Petitioner's compliance with the subpoenas. As Respondents state, they intend to take the deposition whether their claims against Burgess are pending in New Jersey or Virginia. ECF No. 9 at 4. The harm alleged by Burgess is neither "clearly defined" nor "shown with specificity." *Pansy*, 23 F.3d at 786. Petitioner simply states he will suffer prejudice if the subpoenas are complied with, thus there must be good cause. Petitioner cites no legal authority to support this position. However, "[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor." *Tele-Radio Sys. Ltd. v. De Forest Electronics*, Inc., 92 F.R.D. 371, 375 (D.N.J. 1981). Petitioner has not satisfied this burden.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and opposition thereto and, for the reasons set forth above;

**IT IS** on this 28th day of January, 2021,

**ORDERED** that Petitioner's Motion to Quash Subpoenas or for Protective Order is **DENIED**; and it is further

**ORDERED** that this Order **terminates** ECF No. 1.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**